[No. 5669. Decided September 22, 1905.]

PETER JANCKO, *Respondent,* v. WEST COAST MANUFACTUR-
ING & INVESTMENT COMPANY, *Appellant.*[1]

APPEAL — DECISION — LAW OF CASE. Questions decided upon a former appeal become the law of the case upon a second appeal.

MASTER AND SERVANT—NEGLIGENCE—FELLOW SERVANTS. No question of fellow servant is involved where an inexperienced man is injured through a failure to instruct and warn him, while obeying the order of the operator from whom he was instructed to take orders.

MASTER AND SERVANT—NEGLIGENCE—EVIDENCE. There is sufficient evidence that an injury to an inexperienced employee, sustained in attempting to remove a slab from a saw, was due to the vibration of the saw when he so testifies, and is corroborated by expert testimony of a substantial vibration by a saw so placed and operated.

Appeal from a judgment of the superior court for King county, Albertson, J., entered December 22, 1904, upon the verdict of a jury rendered in favor of the plaintiff, in an action for personal injuries sustained in attempting to remove slabs lodged near a saw. Affirmed.

*G. M. Emory,* for appellant.

*Aust & Terhune,* for respondent.

[1]Reported in 82 Pac. 284.

Dunbar, J.—This is an action for personal injuries. It is alleged, that the plaintiff, an inexperienced man, entered the employ of the defendant in his shingle and saw mill as an assistant to a knee-bolter, and that the foreman of the defendant told the plaintiff that he should take his instructions from the knee-bolter, whose assistant he was; that on the second day of the plaintiff's employment a certain slab became clogged under the knee-bolter saw, between the saw and the frame in which it ran; that the plaintiff was about to remove the slab by means of a stick, when the knee-bolter stopped him and instructed him as to the proper way to remove the obstruction, by telling him that it should be done by inserting his arm in the narrow space between the saw and the frame, and removing the slab with his fingers. It was also alleged that the opening through which the slabs fell from the sawn bolt was too narrow, and that the conveyor, intended to carry off the refuse, was also not wide enough; that the dangers specified were not known to the plaintiff, and were not obvious; that, by reason of the plaintiff's following the instructions of the knee-bolter, he was injured and lost three of his fingers, the slabs catching the teeth of the saw, which was thereby caused to vibrate from side to side. As a result of the trial, judgment was rendered in favor of the respondent for $1,500.

This cause has been before this court before, and is reported in 34 Wash. 556, 76 Pac. 78. In that case a nonsuit was granted by the lower court, and this court reversed the judgment and remanded the case for trial. It is contended by the appellant that the only ground upon which the case was reversed was that there was sufficient evidence of the vibration of the saw to sustain a verdict, and that therefore that question should have been submitted to the jury, and that, inasmuch as there was no proof of vibration in the last trial, the court erred in denying the challenge to the sufficiency of the evidence. But an examination of the opinion of the court in the former case shows that the

decision was not so limited but that it was held that the question of negligence and contributory negligence should have been submitted to the jury. In the course of the opinion it is said:

"It was for the jury, and not for the court, to say whether respondent was negligent in failing to give appellant more specific instructions, and to warn him as to the danger from the vibration of the saw, if it should strike a slab or piece of timber, as it did. It was also for the jury to say whether, under the testimony, the device furnished by respondent was defective for the purpose, and also whether there was negligence in failing to provide sufficient light. It has been so often held by this court that the question of contributory negligence is ordinarily for the jury that it seems unnecessary to cite the cases upon that subject. The only exception to the rule is that the facts must be such as show want of care to that degree which leaves no room, in the minds of reasonable men, for difference of opinion. We do not view the testimony submitted by appellant as presenting such facts."

And upon the question of obvious danger, it was said in reference to the case of *Christianson v. Pacific Bridge Co.*, 27 Wash. 582, 68 Pac. 191:

"It was there shown, by the cases cited and discussed, that the two [master and servant] do not stand upon equal footing, even when they both have knowledge of the danger; that the position of the servant is one of subordination and obedience to the master, and that when the master orders the servant to perform certain work, the latter has a right to rely upon the superior knowledge and skill of the former, and to assume that the master, with such superior knowledge, will not expose him to unnecessary peril; and, though the servant has some knowledge of the danger, his right of recovery will not be defeated if, in obeying the order, he acts with the degree of prudence which an ordinarily prudent man would exercise under the circumstances."

All the questions raised in this case were decided in that, and such decision becomes the law of the case. There was no question of fellow servant discussed or decided in that

case, because neither that record nor this presents any such question, the testimony being uncontradicted that the respondent was instructed by appellant's foreman to take his instructions from the operator of the knee-bolter, which he did and which instructions he followed.

But, even if it should be conceded that the cause was reversed solely for the purpose of submitting the question of vibration of the saw to the jury, we are unable to agree with the contention of the appellant that there was no testimony tending to establish the fact that the injury sustained by the respondent was caused by the vibration of the saw. The respondent testified time and again that such was the case, and while he could not see the teeth of the saw enter his flesh, if he did not change his hand from the time he put it in the space between the saw and the frame, he might conclude with reasonable certainty that the saw had changed its relative position. At least, the testimony was sufficient to go to the jury, especially in view of the expert testimony of Beeson that such a saw as the one in question would vibrate from one to three inches when coming in contact with a slab, and of other expert witnesses all of whom testified to a substantial vibration by a saw placed and operated as the saw in question was placed and operated.

The court did not err in refusing to sustain the challenge to the sufficiency of the evidence, and the judgment is therefore affirmed.

MOUNT, C. J., CROW, and HADLEY, JJ., concur.

Root, J., concurs in the result.