[No. 6470. Decided December 21, 1906.]

AMELIA STARR, *Respondent*, v. AETNA LIFE INSURANCE COMPANY, *Appellant*.[1]

APPEAL—DECISION—LAW OF CASE. Matters determined upon an appeal become conclusively the law of the case upon a second appeal.

TRIAL—INSTRUCTIONS—CONSTRUED IN CONNECTION WITH ENTIRE CHARGE. An instruction will not be held reversibly confusing, although not entirely clear, if, taken in connection with the entire charge, it is not calculated to mislead the jury or cloud the issues.

INSURANCE—ACTIONS ON POLICY—DEFENSES—INSTRUCTIONS—ISSUES PRESENTED. It is not error to refuse an instruction limiting

[1]Reported in 87 Pac. 1119.

plaintiffs recovery on a $5,000 policy to $1,000 in case the death of assured was due to unnecessary exposure, where no defense of that character was interposed.

Appeal from a judgment of the superior court for Spokane county, Huneke, J., entered May 7, 1906, upon the verdict of a jury rendered in favor of the plaintiff, in an action on a policy of accident insurance. Affirmed.

*Post, Avery & Higgins*, for appellant. The contract must be enforced according to its terms. *Standard Life & Acc. Ins. Co. v. Langston*, 60 Ark. 381, 30 S. W. 427; *Travelers' Ins. Co. v. Brookover*, 71 Ark. 123, 71 S. W. 246. Deceased was voluntarily on the roadbed when injured. *Keene v. New England Mut. Acc. Ass'n*, 164 Mass. 170, 41 N. E. 203; *Weinschenk v. Aetna Life Ins. Co.*, 183 Mass. 312, 67 N. E. 242. The burden is on plaintiff to establish both liability and the amount thereof. *American Accident Co. v. Carson*, 99 Ky. 441, 36 S. W. 169, 59 Am. St. 473, 34 L. R. A. 301; *Lilly v. Preferred Acc. Ins. Co.*, 41 Misc. Rep. 8, 83 N. Y. S. 585. Where a case is remanded generally, the supreme court is not bound on the second appeal to follow opinions on questions of law presented on the first appeal. *United States v. Elliott*, 12 Utah 119, 41 Pac. 720; *Ohio etc. R. Co. v. Hill*, 7 Ind. App. 255, 34 N. E. 646; *Sovereign Camp, Woodmen of the World v. Haller*, 30 Ind. App. 450, 66 N. E. 186; *Friedman v. Lesher*, 198 Ill. 21, 64 N. E. 736, 92 Am. St. 255; *Vann v. Edwards*, 135 N. C. 661, 47 S. E. 784, 67 L. R. A. 461; *Gulf etc. R. Co. v. Shields*, 9 Tex. Civ. App. 652, 28 S. W. 709, 29 S. W. 652; *Herriman Irr. Co. v. Keel*, 25 Utah 96, 69 Pac. 719.

*Jas. A. Williams* and *Denton M. Crow*, for respondent, contended, *inter alia*, that the definition of the term "right of way" was determined on the former appeal. *Starr v. Aetna Life Ins. Co.*, 41 Wash. 199, 83 Pac. 113; *Jancko v. West Coast Mfg. Co.*, 40 Wash. 230, 82 Pac. 284. An identical

case is *Meadows v. Pacific Mut. Life Ins. Co.*, 129 Mo. 76, 31 S. W. 578, 50 Am. St. 427. There was no evidence of contributory negligence. *Allen v. Willard*, 57 Pa. St. 374; *Parsons v. Missouri Pac. R. Co.*, 94 Mo. 286, 6 S. W. 464. In order to bring a case within the exceptions, it is necessary that the insured must have voluntarily placed himself within the excepted danger; a mere showing that he was on the railroad track is not sufficient to bar recovery. *De Loy v. Travelers' Ins. Co.*, 171 Pa. St. 1, 32 Atl. 1108, 50 Am. St. 787; *Standard Life and Acc. Ins. Co. v. Langston, supra; Duncan v. Preferred Mut. Acc. Ass'n*, 129 N. Y. 622, 29 N. E. 1029; *Equitable Acc. Ins. Co. v. Osborn*, 90 Ala. 201, 9 S. W. 869, 13 L. R. A. 267; *United States Mut. Acc. Ass'n v. Barry*, 131 U. S. 100, 9 Sup. Ct. 755, 33 L. Ed. 60; *Lowenstein v. Fidelity & Cas. Co.*, 88 Fed. 474; *Horsfall v. Pacific Mut. Life Ins. Co.*, 32 Wash. 132, 72 Pac. 1028, 98 Am. St. 846; *Scheiderer v. Travelers' Ins. Co.*, 58 Wis. 13, 46 Am. Rep. 618; *Traders & Travelers' Acc. Co. v. Wagley*, 74 Fed. 457; *Burkhard v. Travelers' Ins. Co.*, 102 Pa. St. 262, 48 Am. Rep. 205.

Root, J.—This case was here once before, and may be found reported in 41 Wash. 199, 83 Pac. 113, to which report reference is now made for a statement of the facts involved.

The principal matters urged upon our attention by appellant in the present appeal were adjudicated upon the former hearing, and the decision thereof has become conclusively the law of the case. *Jancko v. West Coast Mfg. Co.*, 40 Wash. 230, 82 Pac. 284. Two assignments of error are presented, however, that are not covered by that decision. After the jury had retired to deliberate upon their verdict, they were recalled and given the following instruction:

"I instructed you that the definition of the right-of-way was and the words in this policy, that is, it is the way the train had a right to travel and can travel, and such a distance

outside of the rails on the roadbed, such a space occupied by the train, and contents carried thereon. In order to make my instruction more plain I will divide the entire right-of-way, 400 feet wide, into two parts, and call one the roadbed and the remainder the right-of-way. The roadbed is that part of the right-of-way inside of the rails, and such a distance outside as is embraced within the space occupied by the trains and the right-of-way would be all the remainder of the right-of-way outside of the rails. What I intend to tell you is, the insured would have a right to be upon the right-of-way, but not upon the roadbed, and if while being upon the right-of-way, and in the exercise of reasonable care he met with an accident, and was injured thereby by coming in contact with a moving train or otherwise, the plaintiff would be entitled to recover, I think that makes the instruction plain."

It is contended by appellant that this must have had the effect of confusing the minds of the jurymen. While the instruction is not a model of perspicuity, we think that, taken in connection with the entire charge, it was not calculated to mislead the jury or cloud the issues involved. The charge as a whole we regard as fair and reasonably explicit. Hence, no reversible error. *Henry v. Grant St. Elec. Co.*, 24 Wash. 246, 64 Pac. 137.

Appellant also urges that the jury should have been instructed that they might, if they found for the respondent, return a verdict of not to exceed $1,000, instead of $5,000, if they also found that the death of the assured was due to unnecessary exposure to obvious risk of injury or danger. No defense of this character was interposed by the answer, and we do not find any evidence calling for this instruction, in the absence of such a defense being pleaded.

Perceiving no error, the judgment of the trial court is affirmed.

HADLEY, FULLERTON, and DUNBAR, JJ., concur.

CROW and RUDKIN, JJ., took no part.