## COUNTY OF WASHINGTON.

---

BION BRADBURY & *als. versus* THOMAS JOHNSON.

The register of a vessel is not of itself, evidence of title, except as it is confirmed by auxiliary circumstances, showing that it was made by the authority or assent of the one who is sought to be charged as owner.

Without such connecting proof, it is not even *prima facie* evidence to charge a person as owner; and it is not conclusive evidence, even with such proof.

The register is no evidence in favor of a person claiming as owner, and is not legally admissible for that purpose.

In an action against a person as owner of a vessel, the register, if the oath of ownership is made by himself, is treated as an *admission*, which may be given in evidence to charge him. If the oath is made by another, without his assent, the person sought to be charged cannot be affected by it.

ON REPORT from *Nisi Prius*, CUTTING, J., presiding.

This was an action of ASSUMPSIT for a portion of the earnings of a brig.

The plaintiffs produced in evidence of their title, a copy of the register of the vessel. The particulars of the case fully appear in the opinion of the Court.

*B. Bradbury*, for plaintiffs.

*Granger*, for defendant.

RICE, J. — To establish their title to the brig the plaintiffs put into the case a copy of the register, issued at Machias, October 27, 1849, by which it appeared, that Albert Pillsbury owned one-half and Martha E. Bucknell, Otis Woodruff, John Mareen and the legal representatives of Jeremiah Brad-bury, one-eighth each. Also a bill of sale, dated June 25, 1851, of one-eighth part of the brig from Martha E. Bucknell to the defendant. It was admitted that Bion Bradbury was administrator on the estate of Jeremiah Bradbury.

Plaintiff also introduced a writ in favor of Albert Pills-bury, Benjamin F. Bucknell & als. against this defendant, dated Jan. 15, 1852, and the defendant introduced the judgment recovered against him in that action.

To entitle the plaintiffs to maintain the action, they must prove title in themselves. For this purpose the copy of the register is relied upon. The registry acts are considered as institutions purely local and municipal, for purposes of public policy. The register, therefore, is not, of itself, evidence of property, except so far as it is confirmed by some auxiliary circumstance, showing that it was made by the authority or assent of the person named in it, and who is sought to be charged as owner. Without such connecting proof the register has been held not to be even *prima facie* evidence to charge a person as owner; and even with such proof it is not conclusive evidence of ownership; for an equitable title in one person may well consist with the documentary title, at the custom house, in another. Where the question of ownership is merely incidental, the register alone has been deemed sufficient, *prima facie*, evidence. But in favor of the person claiming as owner, it is no evidence at all, being nothing more than his declaration. 1 Greenl. Ev. § 494; *Tinkler* v. *Walpole*, 14 East, 226; *Frazer* v. *Hopkins*, 2 Taunt. 5; *McIver* v. *Humble*, 16 East, 169; 1 Starkie's Ev., part 2, § 53; 1 Phil. Ev., 411.

But though the production of the register or certificate, in which his name is omitted, is conclusive to negative the interest of the assured, yet its production with the name inserted,

is not, in itself, without *more*, even *prima facie* of his title. Arnold on Ins., 1327.

The register cannot be rendered evidence in favor of the person who procured it to be made, though it may be against him. *Ligon* v. *Orleans Navigation Company*, 7 Martin's Lou. Rep. N. S. 682. The certificate of registry is not even *prima facie* evidence of ownership. *Pirie* v. *Anderson*, 4 Taunt. 652; 2 Saund. Plead. & Ev., 237.

In an action against a person, as owner, the register, if the oath of ownership is made by himself, is treated as an *admission*, which may be given in evidence to charge him; if made by another person, and his assent thereto is not proved, it is the *declaration* of another party, which cannot affect him. But when offered by a party to establish his own title, it is simply a proposition to prove his own declarations for his own benefit, and therefore inadmissible for that purpose.

There is no evidence, aside from the register, which tends to prove title in the plaintiff. The writ and judgment in the former case, repels such a presumption. They tend to prove that *Benjamin F. Bucknell*, was one of the owners, and there is no evidence that he has parted with his interest. The account rendered by the defendant throws no light upon the subject, as it was rendered against the brig Agate and *owners*, and is the same that was rendered before the commencement of the former action.

We think the evidence introduced wholly fails to establish ownership in the plaintiffs, and therefore, according to the agreement of the parties, the action must stand for trial.

*New trial granted.*

TENNEY, C. J., and APPLETON, J., concurred.