AMZI F. JACKSON

v.

FRANCIS BRY, use, etc.

1. SUIT ON LOST BOND—EVIDENCE.—In a suit upon a lost bond, evidence of the practice of the sheriff and others in respect to the form of bonds used by them on other occasions, is wholly incompetent to prove the contents of the bond in suit.

2. REPLEVIN BOND—MEASURE OF DAMAGES.—Although the fact that an article returned as replevied was never actually taken into custody because attached to the realty and mortgaged, may constitute no sufficient defense to a suit on the replevin bond, yet upon the question of damages this may be shown, and in such case the measure of damages would be the amount of the loss sustained by the execution creditor by the failure of the defendant to deliver the property at the time required; not what the property would have been worth if unaffected by infirmity or prior liens, but its value subject to any defects or incumbrances that existed at the time it was replevied.

APPEAL from the Circuit Court of LaSalle county; the Hon. JOSIAH McROBERTS, Judge, presiding. Opinion filed May 2, 1879.

Jackson v. Bry.

Mr. G. S. Eldredge, for appellant; that the replication only put in issue the fact of ownership, and hence evidence of the *bona fides* of such ownership was erroneously admitted, cited Wheeler v. McCorriston, 24 Ill. 40; Van Namee v. Bradley, 69 Ill. 299; Rev. Stat. 853.

The plea of *non est factum* put in issue the execution of a joint and several bond, and the proof showed that one of the defendants did not execute the bond. The dismissal of the case as to such defendant without amendment of the declaration, did not cure the objection: Johnson v. Ackless, Breese, 91; Connelly v. Cottle, Breese, 364; Spangler v. Pugh, 21 Ill. 85; Van Court v. Bushnell, 21 Ill. 627; Crittenden v. French, 21 Ill. 598; Leahy v. Mandeville, 7 Cranch, 208; Ferguson v. Harwood, 7 Cranch; Taylor v. Riddle, 35 Ill. 567; Childs v. Laflin, 55 Ill. 156; Snell v. De Land, 43 Ill. 323.

There was no sufficient evidence of the loss or contents of the bond: Hazen v. Pierson, 83 Ill. 241; Rankin v. Crow, 19 Ill. 626; United States v. Bulton, 3 Mason, 464.

The mill and appurtenant machinery were fixtures: Mason v. Fenn, 13 Ill. 529; Thielman v. Carr, 75 Ill. 385; Arnold v. Crowden, 81 Ill. 56.

Evidence that the property was a fixture was competent in mitigation of damages: Dehler v. Held, 50 Ill. 491.

Messrs. Richolson & Snow and Mr. D. H. Pinney, for appellee; that no demand before bringing suit is necessary, cited Peck v. Wilson, 22 Ill. 205.

Under the issues joined it was proper to try the question whether the defendant obtained permission in good faith: Stevison v. Earnest, 80 Ill. 513.

A verdict will not be disturbed where there is a contrariety of testimony, even though it may appear to be against the weight of evidence: O'Brien v. Palmer, 49 Ill. 72; Lowry v. Orr, 1 Gilm. 70; City of Peru v. French, 55 Ill. 317; C. & A. R. R. Co. v. Shannon, 43 Ill. 338.

An officer of a corporation cannot take a lease from or become a contractor with the company: Post v. Russell, 10 Am. R. 5; Butts v. Wood, 37 N. Y. 317; Bulrum v. Schanck, 41 N. Y. 182.

In an action on a replevin bond, an excuse that it is not in the power of the defendant to return the property, is not a good plea: Buckmaster v. Beames, 4 Gilm. 443.

SIBLEY, J. The only cause of action in this case was to recover upon a lost bond alleged to have been executed on the first of April, 1875, by Joshua Norton, Sr., Amzi F. Jackson and Jacob N. Chapple, to Francis Bry, coroner of the county of LaSalle, for the use of Joseph and George Whittier, in the penal sum of $2,000.

The condition of the bond stated, was that Norton having sued out a writ of replevin against Arthur McIntyre, sheriff of that county, for certain property which he held by virtue of a writ of attachment issued in favor of the Whittiers and against the Brown and Norton Paper Company, should prosecute his suit with effect, and make return of the property replevied if return was ordered by the court.

The pleas chiefly relied on were first, *non est factum*, sworn to by Jackson and Chapple, and a plea setting up the fact that the goods replevied were the property of the plaintiff in the replevin suit, and that the merits of the case were not tried in that action. To plea four, averring an offer on the part of Norton to return the goods replevied to Rufus C. Stevens, then sheriff of the county, a demurrer was sustained upon grounds we think well taken, and therefore the court committed no error in that respect. Issues were made upon the other pleas, a jury waived, and a trial by the court, which found for the plaintiffs, and assessed the damages at $1,076.21; from that finding an appeal was taken to this court, and quite a number of errors have been assigned for setting aside the proceedings and judgment of the Circuit Court. Something over twenty separate causes have been pointed out for reversing the decision of that court. Although the ingenuity of counsel may conceive an unlimited number of reasons for his position, it cannot be expected that this court will take them up, one by one, and examine the fine-spun threads of interwoven discussion.

And this suggestion applies equally to many of the objections

Jackson v. Bry.

made on the trial of the cause before the circuit judge.

When a jury is waived the interest of the parties is not liable to be prejudiced by the admission of doubtful testimony, because it is to be supposed that the court, in rendering judgment, would consider such testimony only as was legitimate and proper to be introduced. We do not think the contents of the bond were sufficiently established by any competent evidence to justify a recovery upon it. No witness testified to its contents. Even the coroner who took it was unable to give the substance of what it contained. All he appeared able to say, was that he did not return the writ until he became satisfied the bond was a good one. He says that it was partly written and partly printed—the same as sheriffs used, except "coroner" was written over the word "sheriff."

The testimony introduced relative to the practice of sheriffs and others in respect to the form of bonds used by them, was wholly incompetent to prove the contents of the one in suit. The printed forms of Culver, Page & Hoyne may have been in general use. But how could that fact afford any light upon the subject of the contents of the particular bond described in the declaration? What the sheriff and the coroner may have done in other cases could not, by any known rule of evidence, be converted into proof of what actually took place in this particular proceeding.

As the question may arise upon another trial relative to the right of the appellant to show in reduction of the damages claimed that the paper machine returned as replevied was never actually taken into custody, but was so attached to the building as to form a part of the realty, which had been mortgaged for a large amount to third parties, and the mortgage had been foreclosed, the property sold by the master in chancery under a decree of the Circuit Court, and the title transferred to the purchaser, therefore the plaintiff in the replevin suit was prevented from making a return of the machine as required by the writ of *retorno*.

This was held in Dehler v. Held et al. 50 Ill. 491, to be no sufficient defense to the action on the bond. But in such case it was said the measure of damages must be "the amount of

the loss sustained by the execution creditor, by the failure of the defendant to deliver the property at the time required." Not what the property would have been worth if unaffected by infirmity or prior liens, but its value subject to any defects or incumbrances that existed at the time it was replevied. If an animal, was affected by disease, of which it afterward died, then no considerable loss could be sustained by not returning it according to the condition of the bond. If it was an inanimate species of personal property, which it is asserted the appellant in this case is estopped from denying, then the loss sustained would be its value, subject to any prior existing liens. This would be the measure of damages properly recoverable. If the property replevied was of no intrinsic worth to either of the parties claiming it, and the plaintiff in the action prevented from making a return by force of a superior right overriding all the opposing claims, to allow damages against the obligors in the bond for its full value without reference to that superior right, would be such an act of gross injustice that courts of law could not sanction.

The judgment will be reversed and the cause remanded, with leave to the appellee to amend his declaration.

Judgment reversed.