[No. 13896. Department One. August 18, 1917.]

AMERICAN PACKING COMPANY, *Respondent*, v.
PAUL LUKETA *et al.*, *Appellants*.[1]

SHIPPING—OWNERSHIP—EVIDENCE—CERTIFICATE. The certificate of
enrollment and register of a vessel reciting the name of the owners,
is not evidence of ownership, when such person offers it as evidence
of his own title.

REPLEVIN—OWNERSHIP — EVIDENCE — SUFFICIENCY. Intervener is
shown to be the owner of a half interest in a boat, where he, with
defendant, contracted for and supervised its construction, received it
on its completion and used it during a fishing season; and it is im-
material that he was not known to one who, under agreement with
defendant, advanced money for its construction and equipment.

CHATTEL MORTGAGES—RIGHT TO POSSESSION—UNDIVIDED INTEREST—
RIGHTS OF THIRD PERSON. One who advanced money for the con-
struction and equipment of a boat under a contract with a half
owner that may be considered as a chattel mortgage or conditional
sale, cannot rightfully take possession as against the owner of the
other undivided half interest, where the latter had not authorized
the contract and his co-owner did not act as his agent in execut-
ing it.

REPLEVIN—ISSUES DETERMINED—JUDGMENT. Replevin does not lie
to recover possession of an undivided half interest in a boat which
was in possession of the co-owners; hence though the other half
owner intervened, and all the parties were before the court, the
court has no power to determine the rights of the parties other than
the title, there being no other issue, and Rem. Code, § 434, providing
that judgment for defendant must be for a return of the property or
the value thereof, in case return cannot be had.

Appeal from a judgment of the superior court for King
county, Jurey, J., entered May 2, 1916, upon findings in
favor of the plaintiff, in an action of replevin, tried to the
court. Reversed.

*Van C. Griffin*, for appellants.

*Byers & Byers*, for respondent.

MAIN, J.—The purpose of this action was to recover pos-
session of a fishing boat known as Boston II. The only de-

[1]Reported in 167 Pac. 87.

fendant named in the complaint was Paul Luketa. After the action had been instituted, Sam Luketa, a brother of the defendant named in the complaint, intervened, claiming to be the owner of an undivided one-half interest in the boat and its equipment. After the issues were framed, the cause was tried to the court without a jury, and resulted in a judgment that the title to the boat and the right to the possession thereof was in the plaintiff. From this judgment, the defendant and the intervener appeal.

In the interest of clearness of expression, Paul Luketa will be referred to as the defendant, Sam Luketa as the intervener, and American Packing Company as the plaintiff. The facts are these: The defendant and the intervener, being fishermen, desired, during the spring of 1915, to construct a boat for the purpose of engaging in that business. Not having sufficient financial ability to provide for the construction and equipment of a boat, they sought an interview with one Harry Ramwell, president and manager of the plaintiff, for the purpose of securing from the plaintiff a loan or advancement of money to aid in the construction and equipment of the boat. This interview resulted in a promise on the part of the plaintiff to render the financial aid requested. A written contract for the construction of the boat was entered into between the defendant and the intervener as one party thereto, and a shipbuilding firm located at Ballard, Washington, and composed of J. Heggem and E. Eriksen, as the other party. The boat, in due time, was constructed and equipped, the total cost being approximately $6,000. The defendant and the intervener each contributed to the cost of the construction and equipment, and the plaintiff advanced approximately $2,000 on the construction cost. On July 12, 1915, the plaintiff and the defendant entered into a written contract by which it was provided that the plaintiff should advance $3,400 toward the construction and equipment of the Boston II, and the plaintiff was acknowledged to be the owner thereof with the right to full control of the boat

until the $3,400 should be repaid to it. By this written agreement the defendant was to have the use of the boat for fishing as long as agreeable to the plaintiff, and all fish caught were to be sold to the plaintiff at the same prices as other fishermen were paid. The second paragraph of the contract provided that if the defendant, within a reasonable time, or on demand, should pay the $3,400 mentioned, then the title to the boat was to be conveyed to him. The intervener was not a party to this agreement and is in no manner referred to therein. On January 8, 1916, the plaintiff demanded possession of the boat, which was refused, and soon thereafter brought this action in replevin and took possession of the same. On January 10, 1916, the plaintiff paid on account of the equipment of the boat the sum of $1,107, this apparently being the balance due upon the purchase price of the fishing net.

The controlling question is the location of the title to the boat at the time it was taken possession of by the plaintiff. The defendant and the intervener each claim to own an undivided one-half interest therein, there being no controversy between them. The plaintiff claims that the title is in it, and that therefore it rightfully took possession.

The first inquiry must be directed as to the ownership of the boat. The undoubted facts are that the defendant and the intervener together approached the plaintiff, through its president and manager, and sought the loan or advancement referred to. They together contracted for the construction of the boat; they supervised its construction; they received it into their possession when completed; they operated it during the fishing season for the year 1915 together as owners; they each contributed something toward the cost of its construction and equipment. Under these facts, it could not well be held that the intervener was not the owner of an undivided one-half interest in the boat, unless the other evidence offered would lead to a contrary conclusion. It is true that Ramwell testified that he did not know that the

intervener had any interest in the boat, but the intervener might have an interest in the boat and yet that fact not be known to the witness. When the construction of the boat was completed, the master carpenter's certificate by Eriksen and Heggem was issued to the American Packing Company, the plaintiff, as owner. By what authority the contractors issued the certificate does not appear. The consolidated certificate of enrollment and license recites that the American Packing Company is the owner of the boat. The rule of law seems to be that the certificate of enrollment is not evidence that the title to the boat is in the person named therein as owner, when such person offers it as evidence in support of his own title. *Lincoln v. Wright*, 23 Pa. St. 76, 62 Am. Dec. 316; *The Nancy Dell*, 14 Fed. 744; *Bradbury v. Johnson*, 41 Me. 582, 66 Am. Dec. 264.

In the last case cited, it was said:

"To entitle the plaintiffs to maintain the action, they must prove title in themselves. For this purpose the copy of the register is relied upon. The registry acts are considered as institutions purely local and municipal, for purposes of public policy. The register, therefore, is not, of itself, evidence of property, except so far as it is confirmed by some auxiliary circumstance, showing that it was made by the authority or assent of the person named in it, and who is sought to be charged as owner. Without such connecting proof the register has been held not to be even *prima facie* evidence to charge a person as owner; and even with such proof it is not conclusive evidence of ownership; for an equitable title in one person may well consist with the documentary title, at the custom house, in another. Where the question of ownership is merely incidental, the register alone has been deemed sufficient, *prima facie*, evidence. But in favor of the person claiming as owner, it is no evidence at all, being nothing more than his declaration. 1 Greenl. Ev., § 494; *Tinkler v. Walpole*, 14 East 226; *Frazer v. Hopkins*, 2 Taunt. 5; *McIver v. Huble*, 16 East 169; 1 Starkie's Ev., part 2, § 53; 1 Phil., Ev., 411.

"But though the production of the register or certificate, in which his name is omitted, is conclusive to negative the

interest of the assured, yet its production with the name inserted, is not, in itself, without *more*, even *prima facie* of his title. Arnold on Ins., 1327.

"The register cannot be rendered evidence in favor of the person who procured it to be made, though it may be against him. *Ligon v. Orleans Navigation Company*, 7 Martin's Lou. Rep. N. S. 682. The certificate of registry is not even *prima facie* evidence of ownership. *Pirie v. Anderson*, 4 Taunt. 652; 2 Saund. Plead. & Ev., 237.

"In an action against a person, as owner, the register, if the oath of ownership is made by himself, is treated as an *admission*, which may be given in evidence to charge him; if made by another person, and his assent thereto is not proved, it is the *declaration* of another party, which cannot affect him. But when offered by a party to establish his own title, it is simply a proposition to prove his own declarations for his own benefit, and therefore inadmissible for that purpose."

As we view the record and the law, there is no escape from the conclusion that the intervener was a part owner in the boat.

It is here assumed, but not decided, that, whether the writing above referred to be considered as a chattel mortgage or as a conditional sale contract, the plaintiff would have the right thereunder to take possession of the vessel if the other party to the contract were in default and the intervener had no interest in the boat. We do not understand it to be claimed that the intervener either authorized the contract or that the defendant acted as agent for him in executing it. Assuming that the plaintiff had the right, under the contract, to the possession as against the defendant, it does not follow that it had the right to possession as against the intervener. The rule is that replevin lies only for specific property capable of identification or separation so as to be seized in kind, and cannot be maintained for an undivided interest or share, except in cases of fraud or wrongful confusion of property. In the case now before us, there is no claim of fraud or wrongful confusion. 34 Cyc. 1359; Cob-

bey, Replevin (2d ed.), § 73, p. 43; Shinn, Replevin, p. 524, § 567; *Hackett v. Potter*, 131 Mass. 50.

In the authority last cited, it was said:

"In the case at bar, it is not necessary to consider the question whether a part-owner of a chattel may maintain replevin for the whole chattel against a defendant who has no right to it, if the nonjoinder of the other owners is not pleaded. That is quite a different question from the one here presented. The decisive objection to the maintenance of the action is that it calls for the delivery of a fractional part of a chattel to the plaintiff, which delivery cannot be made without delivering to him the whole chattel, in which others have rights of ownership."

The intervener, being the owner of an undivided one-half interest in the boat and not being bound by the written contract, so far as this record shows, upon which the plaintiff relies, it follows that the taking possession of the boat by the plaintiff was not rightful.

One other question remains, and that is, whether, since the subject-matter and all the parties are before the court, their rights, other than the title to the vessel, should be determined.

In *Grote-Rankin Co. v. Brownell*, 76 Wash. 335, 136 Pac. 145, it was held that an issue made by the pleadings between defendants in a replevin action could be determined in that action, because it appeared that no prejudice would result and the judgment entered would give relief consistent with the case made by the pleadings, but that case is not here applicable. The issue in the present case made by the pleadings is the title to the vessel. The intervener being the owner of an interest therein and not being bound by the contract upon which the action was based, replevin does not lie. There is no issue made by the pleadings as to any other relief which the plaintiff would be entitled to as against either the defendant or the intervener. The statute (Rem. Code, § 434) directs the kind of a judgment to be entered in a replevin action. It is there provided:

"If the property has been delivered to the plaintiff, and the defendant claim a return thereof, judgment for the defendant may be for a return of the property, or the value thereof in case a return cannot be had, and damages for taking and withholding the same."

The judgment is reversed, and the cause remanded with direction to the superior court to enter a judgment in accordance with this statute.

Reversed and remanded.

ELLIS, C. J., WEBSTER, MORRIS, and CHADWICK, JJ., concur.