DETERMINED IN THE

# SUPREME COURT

OF

# WASHINGTON

[No. 15881. *En Banc.* March 8, 1921.]

AMERICAN PACKING COMPANY, *Plaintiff*, v. PAUL LUKETA et al., *Defendants.*[1]

REPLEVIN (36)—DAMAGES—MEASURE AND AMOUNT—LOSS OF USE. In an action of replevin for a boat, the original pleadings, alleging the value of its use to be twenty dollars per day, are not conclusive, where at the trial no finding thereon was made and judgment was not entered until the lapse of four years, upon a trial of additional issues and at a time of possible changed conditions affecting the amount of damages.

SAME (32, 36)—DAMAGES—MEASURE—VALUE OF USE—EVIDENCE—ADMISSIBILITY. Where a boat had a usable value during the period the owner was kept out of possession, he may recover in replevin the reasonable value of such use, and evidence thereof is admissible; but if the boat was, pending the case, lost to all the parties by reason of the foreclosure of a lien placed thereon by defendants and could not be returned, the damages cannot be measured by the value of its use after such loss (BRIDGES, FULLERTON, MAIN, and MOUNT, JJ., dissenting).

SAME (36)—DAMAGES—MEASURE AND AMOUNT. In replevin, the alternative money judgment is to be measured in amount by the value of the property at the time of demand for and refusal of possession, or the value of the property when taken.

APPEAL (472)—REVIEW—FORMER DECISION AS LAW OF CASE. A decision upon a former appeal that property replevined was the absolute property of the defendants concludes a subsequent claim by plaintiff that, as to it, defendants were not absolute owners because of a lien they had placed on the boat.

[1]Reported in 196 Pac. 1.

· REPLEVIN (48)—ALTERNATIVE JUDGMENT—MEASURE AND AMOUNT.
An alternative money judgment in replevin in case the property
cannot be returned should be for the full value of the property, and
is not limited to the interest of defendants, where they had general
ownership, and hence is not affected by the fact that liens created
by defendants were foreclosed.

Cross-appeals from a judgment of the superior court for King county, Jurey, J., entered January 5, 1920, upon findings in favor of the defendants, in an action of replevin, tried to the court. Reversed on defendants' appeal.

*Piles & Halverstadt* and *W. P. Bell,* for plaintiff.
*Van C. Griffin* and *Benj. S. Ohnick,* for defendants.

PARKER, C. J.—This case is here on appeal by both the plaintiff and defendants, from a judgment of the superior court for King county, rendered in a claim and delivery action following a decision of this court reversing a former judgment of the superior court rendered in the action.

The plaintiff packing company commenced this action in the superior court for King county on January 12, 1916, seeking recovery from the defendant, Paul Luketa, of a fishing boat, or, in the alternative, its value, alleged to be four thousand dollars, and also damages for its detention. By proper proceedings had under our claim and delivery statutes, the boat was seized by the sheriff on January 14, 1916; and there being no redelivery bond furnished, it was delivered to the packing company on January 20, 1916. Sam Luketa duly intervened in the action on February 5, 1916, claiming to be a part owner of the boat. His complaint in intervention and the answer of Paul Luketa do not show any conflict between them as to their claims of possession and interest in the boat, and the record

shows that they have always been in harmony in that respect.

On April 7, 1916, the case came on for trial on the merits before the court, sitting without a jury, and resulted in findings and judgment being made and rendered on May 2, 1916, awarding the boat to the packing company as prayed for by it. In making its disposition of the case, the trial court made no finding as to the value of the boat, assuming, no doubt, that, since the boat was already in the possession of the packing company, there was then no occasion for rendering any money judgment as provided by Rem. Code, § 434, relating to judgments in actions for recovery of personal property. Thereupon the Luketas joined in an appeal from that judgment to this court.

Thereafter, on August 18, 1917, this court reversed the judgment of the superior court, holding that the Luketas were the owners and entitled to the possession of the boat, 98 Wash. 6, 167 Pac. 87. The direction to the superior court made in that decision of this court is found in its concluding language, as follows:

"The statute (Rem. Code, § 434) directs the kind of a judgment to be entered in a replevin action. It is there provided:

" 'If the property has been delivered to the plaintiff, and the defendant claim a return thereof, judgment for the defendant may be for a return of the property, or the value thereof in case a return cannot be had, and damages for taking and withholding the same.'

"The judgment is reversed, and the cause remanded with direction to the superior court to enter a judgment in accordance with this statute."

In December, 1917, the packing company, claiming to have been denied, by the decision of this court, rights secured to it by the constitution and statutes of the United States, sued out a writ of error, removing the

case to the supreme court of the United States, wherein reversal of the decision of this court was sought. On January 7, 1919, that court dismissed the writ of error; and the case being duly remanded to this court, on February 27, 1919, leaving this court free to proceed, its decision was duly certified to the superior court in the usual form of remittitur, by which that court was directed to proceed as in the above quoted concluding language of this court's decision.

In July, 1919, the Luketas sought a writ of mandate in this court to compel the superior court to render judgment in the action in their favor, claiming that the record of the case, as then made, and the directions of this court in its decision reversing the judgment of the superior court, entitled them to judgment not only for the return of the boat, but, in the alternative, for a certain claimed sum as its value, and also twenty dollars per day, the alleged value of the use of the boat as damages for its detention by the packing company during the whole of the time since it was taken from them and delivered to the packing company. This application for a writ of mandate was denied by this court upon the ground, in substance, that its direction to the superior court was not so specific as to leave to that court only the formal duty of entering a judgment, the terms of which had become finally adjudicated. *State ex rel. Luketa v. Jurey,* 108 Wash. 44, 182 Pac. 932. In concluding the decision upon the application for the writ, Judge Main, speaking for the court, said:

"The direction given in the opinion was only such direction as the law gives.

"Some complaint is made upon this application that the court did not, when the cause was here and the judgment reversed, find the value of the boat and the damages for the taking and withholding. Upon this question, the trial court had made no findings, and the

question was not discussed in the briefs, and it seemed best to remand the case to the superior court, in order that the trial judge, who heard the evidence, might first exercise his judgment in the matter. Had this court at that time indicated the findings, the party or parties feeling themselves aggrieved would doubtless have complained because they had not had an opportunity to be heard upon the matter.

"Upon the record here, this court could not have taken into consideration any matter that might have happened subsequent to the entry of the judgment and pending the appeal which was proper to be considered in finally disposing of the case."

In the meantime, on March 20, 1919, the packing company filed in the action a paper denominated its "petition and supplemental complaint," alleging therein, in substance, that it had three thousand one hundred and seven dollars invested in the boat, and therefore property in the boat to that extent at the time of its seizure at the commencement of the action; that at the time of the trial in the superior court there was a lien upon the boat placed thereon by the Luketas; that after the boat came into its possession, this lien was foreclosed, the Luketas being made parties to such foreclosure; that they appeared and defended, but did not pay the lien or redeem the boat from the sale made upon the foreclosure, and that the boat has not since then been in the possession or control of the packing company; and also alleged other facts tending to show that the Luketas never had any interest in the boat of any value; and prayed that it be adjudged that the Luketas do not have any interest in the boat of any value, or any right to damages for the taking and detention of it by the packing company.

The Luketas filed their answer to this petition of the packing company, in which they claimed ownership of the boat as in their original pleadings in the cause, and

alleged that the value of the use of the boat is and has been during the whole of the period from their being dispossessed of it at the beginning of the action up until the present time, the sum of twenty dollars per day; that the value of the boat is eight thousand dollars; that the alleged foreclosure of the lien upon it has never occurred; and that the boat is still in the possession and control of the packing company; and prayed judgment against the packing company in the sum of eight thousand dollars, the value of the boat, in case its return to them cannot be had; and also the sum of twenty dollars per day as damages for the detention of the boat by the packing company during the whole period since the taking of it from their possession at the beginning of the action.

We do not find in the record before us any formal reply of the packing company to the affirmative allegations of this answer of the Luketas, but we think the record warrants us in treating the case as though such affirmative allegations were denied by the packing company. There is, in an opinion rendered by the trial court, shortly after the going down of the remittitur, language which might be construed as a dismissal of the petition and supplemental complaint of the packing company, but no formal order to that effect. So we think the packing company's petition and supplemental complaint, the answer of the Luketas thereto, and the denial by the packing company of the affirmative allegations of the answer, in so far as they plead material facts, should be regarded as forming the issues not theretofore decided, which are determinable by the superior court following the remittitur from this court. In any event, the parties were entitled to be heard on these issues as far as they were material and not previously adjudicated. In December, 1919, the trial court

entered an order setting the case down for hearing upon the question of rendering a final judgment in pursuance of the remittitur from this court, reciting in such order, among other things, that the court at such hearing "will hear further testimony if further testimony is deemed by this court proper."

A hearing was had accordingly, for the purpose of determining the terms of the alternative money judgment the Luketas were entitled to as against the packing company for the value of the boat in case a return thereof could not be had, and the measure and amount of the damages they had suffered by reason of the packing company's taking and retaining possession of the boat. At the hearing, counsel for the Luketas sought to introduce evidence in addition to that which was introduced upon the original trial, touching the value of the boat and the value of the use thereof as the measure of their damages during the time they were deprived of the possession of it. Rulings of the court made upon objection of counsel for the packing company had the effect of depriving the Luketas of the privilege of introducing evidence touching either of these questions. The hearing being concluded and the court taking the matter under advisement, on January 5, 1920, made findings of fact and rendered judgment therein, basing the same entirely upon the evidence introduced upon the original trial.

The findings are, in substance, that the boat was of the value of three thousand eight hundred dollars at the time it was taken from the Luketas and given into the possession of the packing company at the commencement of the action; and that the Luketas were damaged by the detention of the boat by the packing company in a sum equal to interest on the three thousand eight

hundred dollars at the rate of six per cent from January 14, 1916, the day it was taken from them.

Final judgment was entered awarding the boat to the Luketas as decided by this court, and in the alternative, if a return thereof cannot be had, that they have judgment against the packing company for the sum of three thousand eight hundred dollars as the value of the boat and interest thereon at six per cent from January 14, 1916, the date the boat was taken from the Luketas. This is the judgment here for review upon the appeals of the respective parties to the action.

Counsel for the Luketas first contend that the trial court erred in refusing to award damages for the loss of the use of the boat measured at the rate of twenty dollars per day from the time it was taken from them to the present time, since it has never been returned to them by the packing company, and the original pleadings of the respective parties allege the value of its use to be twenty dollars per day.

We may assume for argument's sake that the original pleadings upon both sides may be so interpreted; and that, if the value of the use of the boat had been determined to be twenty dollars per day at the conclusion of the original trial, which occurred but a short time after the making of such allegations, without anything before the court touching that question other than the original pleadings, such finding might have become final as to the value of the use of the boat up to that time, but no such finding was then made. Therefore, the question of the damages suffered by the Luketas by the loss of the use of the boat was never determined by any finding or judgment until it was determined by the finding and judgment here on review, rendered some four years after the original trial of the case in the superior court.

In view of the lapse of time, the possible changed conditions affecting the amount of damages suffered by the Luketas in this respect, and the issues presented by the packing company's "petition and supplemental complaint" and the answer of the Luketas thereto; we conclude that the trial court did not err in so far as it refused to measure the damages suffered by the Luketas for the loss of the use of the boat by the allegations of the original pleadings. We may observe in this connection that, even upon the original trial, the parties seem not to have stood strictly upon the pleadings as to the value of the use of the boat covering the whole period between the commencement of the action and the date of that trial. Indeed, there seems to be room for arguing, from the evidence there presented, that the twenty dollars per day was then in any event only the value of the use of the boat during the fishing season, which apparently was not continuous.

It is next contended in behalf of the Luketas that the trial court erred in its rulings which in effect rejected offers of proof made by their counsel to show the value of the use of the boat, as their correct measure of damages, aside from its value, during the period it was wrongfully kept out of their possession by the packing company. This contention, we assume, was made as an alternative of the contention that the court erred in refusing to adopt twenty dollars per day as the correct measure of damages suffered by the Luketas during the period they were deprived of the use of the boat. The decisions of the courts do not seem to be wholly harmonious on the question of the proper measure of damages resulting to a party to a replevin action by reason of his being deprived of the use of the property in question by his opponent. Such lack of harmony, however, will probably be found, upon a critical examination of

the varying circumstances involved in the reported cases, not so pronounced as it may seem to be upon a casual reading of the decisions. If it be true, as the evidence introduced upon the original trial of this case indicates, that the boat here in question had a usable value during the period it was wrongfully kept by the packing company out of the possession of the Luketas, the following statement of the law, as found in 23 R. C. L. 911, lends strong support to this contention in behalf of the Luketas:

"Interest and depreciation will not generally furnish the owner an indemnity in case the property claimed had a value for use, or, in other words, a usable value. If the damages were thus limited two of the fundamental rules of damages would be violated: The owner would not be completely or fully indemnified for the loss of the use of his property, and the wrongdoer who had had the use of it would make a profit out of his own wrong, which the law does not tolerate. Accordingly the rule is well settled that where property has a value on account of the use to which it may be put, as distinguished from its value for sale or consumption, a successful plaintiff in replevin is entitled to recover as damages for its detention the value of such use during the time that the property was wrongfully detained. Thus where the property detained consists of horses, tools, implements of trade, etc., the general rule is that the party deprived of possession is entitled to the reasonable value of the use during the period of wrongful detention. This rule of damages applies equally to a successful defendant, who may recover the value of the use of the property during the time it was withheld from him under the writ."

This view of the law was adopted in substance by this court in *MacKenzie v. Steeves,* 98 Wash. 17, 167 Pac. 50, in which case Judge Main, speaking for the court, observed:

"The assessment of damages for the unlawful taking and detention of personal property calls for a sound discretion on the part of the trier of the facts. Hence, where the facts are such that interest or difference in value would be improper, the value of the use is resorted to. This rule is often combated by the suggestion that it is a false measure when the property has never been rented and its use is in a sense personal to the owner, but it applies nevertheless where the proof shows that the property has a usable value, not because the owner has used it for gain or profit, but because the law will presume that the wrongful taker has used the property to his own benefit and can pay the value of such use out of his gains and not out of his pocket. The recovery of the value of the use of personal property having a usable value is amply sustained by the authorities. Cobbey, Replevin (2d ed.), § 891; Shinn, Replevin, § 646; 34 Cyc. 1562."

Now since the damages suffered by the Luketas by being kept by the packing company out of the possession of the boat were not determined at the conclusion of the original trial, and will necessarily be determinable in a large measure by conditions existing since then, it seems plain that the question of such damages is still an open question touching which the parties have a right to introduce evidence in addition to that which was introduced upon the original trial; assuming, of course, that it can be shown that the boat had a usable value during the period it was wrongfully kept out of the possession of the Luketas by the packing company. The above quoted language from our decision in *State ex rel. Luketa v. Jurey*, 108 Wash. 44, 182 Pac. 932, plainly indicates this as the correct course of procedure in this case.

We conclude that the trial court erred in excluding the evidence offered by counsel for the Luketas with a view of showing the usable value of the boat while

wrongfully kept out of their possession, and that, if it be shown, or can be shown, that the boat had a usable value during that period, the Luketas have the right to have their damages measured accordingly.

Since it is yet to be determined whether or not the boat can be returned to the Luketas in accordance with the judgment for its return, and since it has become an issue in the case as to whether or not the boat has been lost to all parties to this action by the foreclosure of a lien placed thereon by the Luketas, it seems proper, in view of what may occur upon a new hearing in the trial court, for us to observe, that, if it be true that the boat was so lost to all the parties while in the possession of the packing company, that company will not be liable for any damages to be measured by the value of the use of the boat after it was lost to all parties. For manifestly the packing company is liable for only such damages measurable by the value of the use of the boat as it caused the Luketas by depriving them of the use of the boat; and if the boat was lost to all the parties by a foreclosure of a lien placed thereon by the Luketas, without fault of the packing company, plainly it was not thereafter wrongfully depriving the Luketas of the possession of the boat. The damages suffered by the Luketas after the loss of the boat to all parties, if it was so lost, should be measured by interest computed from the time the boat was lost, upon the amount of damage theretofore suffered by the Luketas for the loss of the use of the boat, together with the value of the boat and interest thereon computed from the time the boat was so lost. Of course the Luketas cannot have the value of the use of the boat and interest on the value of the boat covering the same period.

Counsel for the Luketas further contend that the value of the boat was erroneously fixed by the trial

court at three thousand eight hundred dollars. The argument seems to be that the evidence introduced upon the original trial, which was all that was before the court touching the question of the value of the boat, shows a greater value than three thousand eight hundred dollars; and also that, had they been permitted to introduce evidence of its value since then, a much larger value would have been proven, enabling them to invoke the rule of some of the decisions that the highest market value of property while wrongfully detained is the correct measure of its value, in determining the amount of the alternative money judgment in such cases. This court has adopted the view that in replevin actions, as well as in actions of simple trover, the alternative money judgment is to be measured in amount by the value of the property at the time of demand for, and refusal of, possession thereof, or the value of the property at the time it is taken. Such was the holding of this court in the claim and delivery action of *Armour v. Seixas,* 80 Wash. 181, 141 Pac. 308, following Minnesota and Wisconsin cases therein cited.

It is contended in behalf of the packing company that it is now entitled to introduce evidence to show that the property interest of the Luketas in the boat was and is of no value; first, because of the packing company's property right therein by reason of it being a vendor in a conditional sale contract for the boat made between it and one of the Luketas, which conditional sale contract in any event gave the packing company a lien upon the boat to secure the payment of three thousand one hundred and seven dollars; and, second, because of the foreclosure of another lien placed upon the boat by the Luketas resulting in the loss of the boat to all the parties, while the boat was in the possession of the packing company. As to the claim made by the packing

company to a property or lien interest in the boat, it is sufficient to say that our decision upon the merits of this case in 98 Wash. 6 disposes of such claims, in that it is there held in effect that the packing company had no property or lien right in the boat as against the Luketas. In other words, the Luketas were, by that decision, adjudged to be the absolute owners of the boat as against the claims of the packing company, so that the packing company's property or lien interest in the boat is no longer an open question. As to the claim of the packing company that the Luketas' property interest in the boat was of no value or was of less value than the whole value of the boat because of the foreclosure of the alleged lien which the Luketas had placed upon the boat, we think it a sufficient answer to the packing company's contention, made in that behalf, that our former decision upon the merits of this case also became final upon that question. We think that, because the Luketas may have held the boat subject to a lien of a third party and the boat was lost to them and also to the packing company by virtue of the foreclosure of such a lien, after the packing company had obtained possession of the boat, does not give the packing company any right here to be heard to say that as to it the Luketas were not the absolute owners of the boat.

This is not a case of the Luketas having a special or qualified property interest in the boat. They have been adjudged the owners of the full legal title to the boat. As to how they may choose to satisfy liens of third persons upon the boat is of no concern to the packing company. As against the packing company, they can legally manage and do with the boat as they please. If their interest were that of mere lienors or bailees—that

is, if their title in the boat were qualified or special instead of that of general ownership of the full legal title to the boat, the packing company might be heard to make some such contention as to the value of the interest of the Luketas in the boat.

The authorities which measure the amount of an alternative money judgment in replevin actions by the value of the successful party's interest in the property instead of by the full value of the property as such, it seems to us, have reference only to qualified or special limited interests of the successful party, such as are possessed by lienors or bailees; and do not announce such measure of recovery as applicable to an alternative money judgment which a person possessing general ownership of the legal title to the property is entitled to. 34 Cyc. 1568; 23 R. C. L. 908.

The judgment appealed from is reversed, and the cause remanded to the superior court for further proceedings in harmony with the views expressed in this opinion. In view of the circumstances and the peculiarly involved present condition of this controversy, the superior court is directed to receive such material evidence as may be offered by the respective parties, in addition to that introduced upon the original trial, touching not only the value of the use of the boat during the whole period it was wrongfully kept by the packing company out of the possession of the Luketas, but also touching the question of the value of the boat at the time it was taken from the Luketas at the beginning of the action; and render such judgment as may be so justified. None of the parties are entitled to recover costs incurred in this court upon these appeals.

MITCHELL, HOLCOMB, TOLMAN, and MACKINTOSH, JJ., concur.

BRIDGES, J. (dissenting)—I agree with all parts of the opinion of the court, except the conclusion that, if the boat cannot be returned, the appellants may recover its whole value as of the date of the taking by respondent.

If it be determined that, prior to the time respondent took the boat under replevin, appellants had placed on it a lien which was foreclosed and the boat sold thereunder to third parties, while it was in the respondent's possession by virtue of the writ of replevin and appellants were parties to such foreclosure suit, and it be further determined that, because of such condition, respondent is unable to return the property, then, in my opinion, appellants could recover the value of the boat as of the date it was taken by respondent, less the amount of the lien which was so foreclosed.

Most of the authorities hold that the fact that the property taken by a writ of replevin is destroyed by the sea or by fire, or if it be live stock, dies, or is stolen, while it is in the possession of the taker and wholly without his fault, will not relieve the taker from accounting to the owner for the full value of the property taken. But those cases are not in point because in them the owner was not in the slightest degree responsible for the loss. Here the owners were directly responsible for the loss, for it was a lien created by them which caused the loss. Suppose this boat had been sold by the state for taxes levied while the property was in the possession of the appellants, could it be held that they could nevertheless recover the whole value of the boat? Or suppose that, after the state had taken the property in possession for the purpose of such sale and was advertising it for sale, the respondent had paid the tax, could it be held that it would not have had the right to have such payment deducted from any damage appel-

lants might recover? *Washington Ice Co. v. Webster,* 68 Maine 449.

Cases more in point than the fire or death cases, are those where slaves were held by writs of replevin at the time of their freedom. In those cases it was held that the owner could not recover any damages because the slave could not be returned. The fact that it has turned out that respondent wrongfully took the boat ought not make it liable for the debts or the defaults of appellants. To require it to pay the full value of the boat, is to require it to pay respondent's debts to the extent that they were secured by the lien on the boat. I know of nothing so technical or sacred in a replevin bond as to require this result. The statute merely provides that, if the property cannot be returned, judgment for its value shall be given. The value is what the boat is worth, less valid liens on it. The rule ought to be one of compensation to the owner. Judge Dunbar, in *Meeker v. Johnson,* 3 Wash. 247, 28 Pac. 542, speaking of our replevin action, said:

"This is evidently the object of our statute, to combine the actions of replevin and trover, and to adjudicate in one action all questions involved, and which are necessary to completely determine and settle the matter in controversy."

Adjudicated cases involving this exact question seem to be very scarce. The court's opinion does not cite any.

In the case of *Jackson v. Bry,* 3 Ill. App. 586, the court, in discussing a question like the one here, said that in that state it had been held that

"The measure of damages must be 'the amount of the loss sustained by the execution creditor, by the failure of the defendant to deliver the property at the time required.' Not what the property would have been worth if unaffected by infirmity or prior liens, but its value subject to any defects or incumbrances that

existed at the time it was replevied. If an animal was affected by disease, of which it afterward died, then no considerable loss could be sustained by not returning it according to the condition of the bond. If it was an inanimate species of personal property, which it is asserted the appellant in this case is estopped from denying, then the loss sustained would be its value, subject to any prior existing liens. This would be the measure of damages properly recoverable. If the property replevied was of no intrinsic worth to either of the parties claiming it, and the plaintiff in the action prevented from making a return by force of a superior right overriding all the opposing claims, to allow damages against the obligors in the bond for its full value without reference to that superior right, would be such an act of gross injustice that courts of law could not sanction.''

See, also, *Dehler v. Held,* 50 Ill. 491.

In this case, the court holds that, if the boat was lost to the respondent because of the foreclosure of the lien and a sale had thereunder, then respondent would be liable for the value of the use only to that time. Well, if such condition will relieve respondent from liability for the usable value, why will it not also relieve it from liability as to the value of the boat, to the extent of such lien indebtedness?

FULLERTON, MAIN, and MOUNT, JJ., concur with BRIDGES, J.