[No. 16835.  Department Two.  May 18, 1922.]

AMERICAN PACKING COMPANY, *Respondent*, v. PAUL
LUKETA *et al.*, *Appellants.*[1]

REPLEVIN (47)—JUDGMENT—RECOVERY OF VALUE OF PROPERTY.
Where successful defendants in replevin allowed the boat to be sold
and lost to all parties upon a lien placed thereon by the defendants,
the surplus derived from the lien sale belongs to the defendants,
and must be credited on the judgment recovered against the plaintiff
for the value of the boat.

INTEREST (21)—COMPUTATION—JUDGMENTS AND AWARDS.  Interest
on a judgment against plaintiff in replevin for a boat which was
lost to all parties by the act of the defendant in satisfaction of a
lien held by third parties runs from the time the boat was lost by
foreclosure of the lien.

Cross-appeals from a judgment of the superior court
for King county, Askren, J., entered August 8, 1921,
upon findings in favor of the defendants, in an action
of replevin, tried to the court.  Modified on plaintiff's
appeal.

*Van C. Griffin* and *Benjamin S. Ohnick*, for appellants.

*W. P. Bell* and *Guie & Halverstadt*, for respondent.

PER CURIAM.—This, it is to be hoped, is the last
chapter in litigation which has been before this court
on several occasions, upon two of which opinions have
been written, which will be found in *American Packing
Co. v. Luketa*, 98 Wash. 6, 167 Pac. 87, and *American
Packing Co. v. Luketa*, 115 Wash. 1, 196 Pac. 1, reference to which is here made for an understanding of the
facts involved.

In compliance with the direction contained in the last
opinion, the trial court proceeded to take testimony to
determine the final judgment to be entered, and de-

[1]Reported in 206 Pac. 965.

cided that the defendants were entitled to a judgment
of $7,240, that amount being made up of $3,800 as the
value of the boat in controversy, and $3,440, the value
of its use for the time it was kept out of defendants'
possession. From this judgment both parties have ap-
pealed, the defendants claiming that the judgment was
not large enough, and that the value of the boat was in
excess of $3,800, and that the usable value of it was
more than the amount found by the trial court, and
also that that court erred in finding the boat was lost
to all parties by the lien foreclosure sale of November
1, 1918. The plaintiff appeals for the reason that it
believes that the judgment is excessive, and that the
usable value of the boat is not as great as found by the
trial court; and that, from the value of the boat as found
by the trial court, there should be deducted the sum of
$3,077.92, by reason of the fact that the boat was sold
to satisfy a judgment upon a lien placed on the boat
by the defendants, and that upon the sale of it Novem-
ber, 1918, on a judgment amounting, with interest, to
$1,922.08 a sale was made for $5,000 and that the plain-
tiff should be given credit for the difference between
the amount of the sale and the amount of the judgment
upon which that sale was based.

A great deal of testimony was taken upon both ques-
tions raised here, and, as is usual in such cases, there
is presented a choice between figures widely divergent.
We are not prepared to say that the trial court was
incorrect in fixing upon the figures which he made the
basis of his judgment. But the plaintiff's contention
in regard to the credit to be allowed is well taken. This
court has held the boat was the property of the defend-
ants, and the proceeds of the sale to satisfy the judg-
ment, based upon the lien against the boat, were pro-
ceeds belonging to the defendants, and after the

amount sufficient to satisfy the judgment had been paid over to the judgment creditor, the balance is a sum to which the defendants are entitled, and for which the plaintiff is not liable.

The trial court was correct in finding that the foreclosure was on "a lien placed thereon by the Luketas without fault of the packing company," and that interest should run on the judgment from the time "the boat was lost to all the parties" by the foreclosure—namely, November 16, 1918.

The judgment of the lower court will therefore be modified to the extent that there will be deducted therefrom the sum of $3,077.92, and the plaintiff will recover the costs of this appeal.