[No. 17672. Department One. May 24, 1923.]

E. P. BLAKE, *Respondent*, v. AMERICAN PACKING COMPANY, *Appellant*, PAUL LUKETA *et al.*, *Respondents*.[1]

RECEIVERS (1, 62)—APPOINTMENT—SPECIAL RECEIVERSHIP—ALLOWANCE OF CLAIMS. Under Rem. Comp. Stat., § 740, defining receivers, a receiver is a special and not a general receiver and has no authority to allow claims against the estate, where he was appointed to take charge of a specified boat during the pendency of the action and to manage and dispose of it as the court might direct.

Appeal from an order of the superior court for Snohomish county, Alston, J., entered July 5, 1922, denying a claim to a fund in possession of a receiver, after a hearing to the court upon objections thereto. Affirmed.

*W. P. Bell* and *Guie & Halverstadt*, for appellant.

*Van C. Griffin*, for respondents.

PER CURIAM.—This is a very familiar case, and its history may be read in the following decisions: *American Packing Co. v. Luketa*, 98 Wash. 6, 167 Pac. 87; *State ex rel. Luketa v. Jurey*, 108 Wash. 44, 182 Pac. 932; *American Packing Co. v. Luketa*, 115 Wash. 1, 196 Pac. 1, 22 A. L. R. 206; *American Packing Co. v. Luketa*, 120 Wash. 278, 206 Pac. 965; *American Packing Co. v. Luketa*, 248 U. S. 547.

The case is now here on an appeal from an order in the court below refusing to hear the claim of the Ameri-

[1] Reported in 215 Pac. 368.

can Packing Company and in not allowing its claim, and in directing the receiver to pay a balance of money in his hands to the Luketas.

In 120 Wash. 278, 206 Pac. 965, judgment was directed for the Luketas, who were appellants in that case, in a certain amount. That decision was rendered by the court on May 18, 1922. On June 26, 1922, a claim was filed in the lower court by the American Packing Company, entitled "A claim against the defendants Paul and Sam Luketa," wherein the company claimed against the receiver of the boat known as the Boston II, which was the property involved herein, and against the proceeds of the sale thereof, a balance in the sum of $4,293.20.

On the same day a report was filed by the receiver, showing claims of $380 for services as receiver, for services of attorney, and for money paid for a surety bond, and showing that the claim of the American Packing Company had been presented to him and approved, subject to the order of the court.

On the presentation of the report of the receiver, the matter of the claim of appellant in that matter arose, and objections were made to the claim. On July 3, 1922, a hearing was had on the report of the receiver, and on the objections of respondents the claim of appellant was not recognized, for the reason that the court ordered, considered and adjudged that the receivership was a special receivership of particular property, to wit, a boat known as the Boston II, and that therefore the court was without jurisdiction to hear and determine or allow the claim of appellant filed June 26, 1922; the account and report of the receiver was found to be true and correct except that the money was not paid into the registery of the court with the report, and except the allowance by him of

the claim of appellant. It was further ordered, considered and adjudged that the remainder of the property in the hands of the receiver, after the allowance of the money paid for the bond, $80; the allowance of $150 as receiver's fees, instead of $250 as claimed, and the allowance of $50 as compensation for the attorney for the receiver, making in all $280, leaving a balance of $2,997.92, be adjudged as the property of the Luketas, which the receiver was ordered and directed to pay to them, and that upon compliance with which order the receiver would be discharged and his bondsmen relieved of liability.

The order appointing the receiver was made on the application of Blake, as plaintiff, in a certain suit against the American Packing Company and the Luketas, on June 13, 1918, and was to the effect that the receiver was appointed to take charge of the boat known as the Boston II, and hold the same as such receiver as provided by law.

The statutes under which the receiver was appointed are §§ 740 and 741, Rem. Comp. Stat. [P. C. §§ 8413, 8414.] Section 740, *supra,* reads:

"A receiver is a person appointed by a court or judicial officer to take charge of property during the pendency of a civil action or proceeding, or upon a judgment, decree, or order therein, and to manage and dispose of it as the court or officer may direct."

Under the statutes, the receiver in this case was appointed to take charge of certain specified property during the pendency of the action then begun, and manage and dispose of it as the court might direct. The Boston II, and no other property, was the property in the possession and control of the receiver and the court. The receiver was not a general receiver for all of the property of an insolvent corporation; nor

was this an action between partners. The receivership was, therefore, as the court adjudged, a special receivership of particular property.

Moreover, this court had held in the former decisions that this appellant had no claim against the property as against the rights of the Luketas. 115 Wash. 1, 196 Pac. 1; 120 Wash. 278, 206 Pac. 965.

Judgment affirmed.