[No. 19939. Department One. July 16, 1926.]

PAUL LUKETA, *Appellant*, v. AMERICAN PACKING COM-
PANY, *Respondent.*[1]

[1] TROVER AND CONVERSION (18)—ACTION FOR CONVERSION—LIMITA-
TION OF ACTIONS. Evidence that fishing nets, stored with one
of the parties, were part of the equipment of a fishing boat which
was in dispute between the parties, is sustained where they
were left in such storage for six years during which time the
claims of the parties were in litigation, and an action for their
conversion is therefore barred within three years without any
demand for their return.

[2] LIMITATION OF ACTIONS (67)—ACKNOWLEDGEMENT OF DEBT—
BY AND TO WHOM AVAILABLE—TORTS. The bar of the statute of
limitations against an action for damages for conversion is not
removed by a subsequent promise to pay.

Appeal from a judgment of the superior court for
Snohomish county, Alston, J., entered November 21,
1925, dismissing an action for conversion upon granting
a nonsuit, after a trial to a jury. Affirmed.

*Van C. Griffin* and *Thomas Marshall,* for appellant.
*Williams & Davis,* for respondent.

ASKREN, J.—In 1915 a contract was entered into be-
tween the plaintiff, his brother and the defendant corpo-
ration, for the construction and equipment of a fishing
boat to be known as the "Boston II." Large advances
were made by the defendant. The boat was used for
fishing in the year 1915, and upon its return, the fish-
ing net was stored at the defendant's cannery pursuant
to a custom of allowing fishing boats, which delivered
their catch to the cannery to store their nets from
season to season.

In 1916 trouble arose between the parties, and the
defendant, deeming itself, under the contract, the owner

[1] Reported in 247 Pac. 964.

of the "Boston II" and its equipment, brought an action in replevin against Paul Luketa, plaintiff herein, and took possession of the "Boston II." Upon trial the superior court upheld the contention of the packing company, but upon appeal, this was reversed. *American Packing Co. v. Luketa*, 98 Wash. 6, 167 Pac. 87.

The litigation involved therein came to this court again in *American Packing Co. v. Luketa*, 115 Wash. 1, 196 Pac. 1, and again in *American Packing Co. v. Luketa*, 120 Wash. 278, 206 Pac. 965, when it was fully disposed of by the entry of a judgment in 1922 in favor of Luketa in the sum of $4,162.

In 1925 this action was brought, alleging that in 1915 plaintiff left the fishing nets we have heretofore referred to with the defendant company, and that demand was made therefor in January, 1925, but that the defendant refused to deliver the same. At the close of plaintiff's case, the court held that the action was barred by the statute of limitations, and also that the evidence showed that the plaintiff was not entitled to recover. It then entered its judgment dismissing the action. Plaintiff has appealed.

[1] It is the contention of appellant that respondent, having accepted the nets for storage, as a gratuitous bailee, was bound to keep them until demand was made therefor, and that demand having been made in 1924, the action was brought within the three year period of the statute of limitations. The trial court was of the opinion that the statute began to run in 1916, when the litigation commenced between the parties over the "Boston II" and its equipment. In this we think the court was correct. It was established that at least the greater portion of the nets sued for were purchased expressly for the equipping of the "Boston II" and were used thereon. Appellant contends that some of the net in question was not originally purchased for

the boat and that the defendant could not claim possession thereof. The manager of respondent, while testifying for appellant positively declared that but one net was stored; but if it be conceded that portions of other nets were stored, they were all placed there within two or three days of each other, and under such circumstances as to lead the respondent to believe they were all part of the equipment of the "Boston II."

When the suit was brought against Luketa in 1916, he certainly understood the hostility that existed between the packing company and himself. He must have known, in the very nature of things, that these nets which were for use on the "Boston II," and without which the boat would be useless as a fishing boat, were being claimed by the packing company.

It is stretching the credulity of human nature to suppose that, when these parties were engaged in the bitterest of litigation over this boat and its equipment for a period of six years, the appellant believed the respondent was keeping in storage for him these nets and not laying claim thereto. This is all the more improbable, when we remember that the respondent was receiving no compensation therefor.

Appellant argues that neither the pleadings in the replevin case, nor the decisions of this court, refer anywhere to the nets. But we think that the word "equipment," as used therein, was indicative of the nets under the circumstances that were developed.

The evidence also established that fishing nets deteriorate rapidly. That appellant must have believed that respondent claimed these nets under the original contract and therefore, if there was a conversion, it was in 1916, is demonstrated by his own testimony, where he admitted that, although fishing during all these nine years which have elapsed since the litigation was first

started, he never made any demand for the nets until two years after the last judgment in the replevin case, and during that time had spent thousands of dollars in the purchase of other nets for fishing purposes.

[2] Appellant argues that, if the statute began to run because of conversion in 1916, an offer to give a small credit therefor in a claim filed in a receivership matter in 1922 was a sufficient promise to pay to take the case without the bar of the statute. Assuming, without deciding, that the statement in the claim could be construed as a promise to pay, it could not remove the bar of the statute, this being an action for tort. 12 C. J. 1097; Wood, Limitation of Actions (4th ed.), vol. 1, p. 624; *Belcher v. Tacoma Eastern R. Co.*, 99 Wash. 34, 168 Pac. 782.

We think it high time that *finis* should be written to the legal story of the fishing venture of these parties.

The judgment is affirmed.

TOLMAN, C. J., HOLCOMB, BRIDGES, and FULLERTON, JJ., concur.