[No. 20502.   Department Two.   July 23, 1927.]

MAURICE B. CONWAY *et al., Appellants,* v. SUNSET
MOTOR COMPANY, *Respondent.*[1]

[1] REPLEVIN (48)—JUDGMENT—ALTERNATIVE.   Upon judgment for
the defendant in replevin, where plaintiff obtained and had
possession during pendency of the action, and it does not ap-
pear certainly that it can be restored, judgment should be in
the alternative for return of possession or for its value.

Appeal from a judgment of the superior court for
King county, Gilliam, J., entered July 26, 1926, upon
findings in favor of the defendant, in an action of re-
plevin, tried to the court.   Affirmed.

*Crandell & Crandell,* for appellants.

*Patterson & Patterson,* for respondent.

PARKER, J.—The plaintiffs Conway and wife com-
menced this action in the superior court for King
county, seeking recovery of an automobile from the de-
fendant motor company.   By appropriate replevin
proceedings, the plaintiffs obtained possession of the
automobile immediately upon the commencement of
the action and have not returned it to the defendant.
The case proceeded to trial before the court sitting
without a jury upon the issue of ownership and right
of possession, and resulted in findings and judgment
awarding recovery in favor of the defendant; that
is, for the return by the plaintiffs to the defendant of
the automobile; or, in case return thereof cannot be
had, that the defendant have judgment against the
plaintiffs for the sum of $750, the value of the auto-
mobile.

In so far as we are called upon to consider the merits
of this controversy, there is nothing here involved of

¹Reported in 258 Pac. 31.

any consequence other than questions of fact. The findings of fact made by the trial court are clearly sufficient to sustain the judgment, and a careful reading of all of the evidence convinces us that we would not be warranted in viewing the facts differently than as viewed by the trial judge, as disclosed by his findings. We see no useful purpose to be served by reviewing the evidence in this opinion with a view of demonstrating the correctness of the trial court's disposition of the case.

[1] Some contention is made by counsel for appellants against the form of the judgment, particularly touching its alternative character. The judgment appears to be substantially in the alternative form contemplated by our statute, applicable where, at the time of the rendering of the judgment, the property has not remained in the hands of the successful party pending the action and it does not then clearly appear as to whether or not the property in question is capable of being delivered to the successful party. Such was the condition of this case at the time of the rendering of this judgment. Rem. Comp. Stat., § 434 [P. C. § 8083]; *Meeker v. Johnson,* 3 Wash. 247, 28 Pac. 542; *Seattle National Bank v. Meerwaldt,* 8 Wash. 630, 36 Pac. 763; *Hall v. Law Guarantee & T. Society,* 22 Wash. 305, 60 Pac. 643, 79 Am. St. 935; *Harvey v. Ivory,* 35 Wash. 397, 77 Pac. 725; *Hallidie Mach. Co. v. Whidbey Island S. & G. Co.,* 62 Wash. 604, 114 Pac. 457; *American Packing Co. v. Luketa,* 120 Wash. 278, 206 Pac. 965; 23 R. C. L. 939; 34 Cyc. 1548.

The judgment is affirmed.

MACKINTOSH, C. J., FRENCH, TOLMAN, and HOLCOMB, JJ., concur.