[No. 6286. Decided October 18, 1906.]

THE STATE OF WASHINGTON, *on the Relation of J. H. McDonald, Plaintiff*, v. R. S. STEINER, *Judge of the Superior Court for Okanogan County, Respondent.*[1]

MANDAMUS—TO COMPEL TRIAL—ACTIONS—STAY—DISCRETION OF COURT. Mandamus does not lie to control the exercise of discretion by a trial judge in refusing to proceed with the trial of an action for damages upon an injunction bond, until after a second action between the same parties to determine the rights of the parties in and to the property damaged is first brought to an issue and tried, or the two actions tried together, where the business of the court so requires or would be facilitated thereby.

Application filed in the supreme court, June 23, 1906, for a writ of mandamus directed to the superior court for Okanogan county, Steiner, J., to compel the setting of a cause for trial. Writ denied.

*Peter McPherson*, for plaintiff.
*E. Fitzgerald*, for respondent.

CROW, J.—This is an application for a writ of mandamus to be directed to the Honorable R. S. Steiner, judge of the superior court of the state of Washington in and for Okanogan county, commanding him to proceed with the trial of an action. The relator, J. H. McDonald, alleges that he is the plaintiff in an action for damages on an injunction bond now pending in the superior court of Okanogan county, wherein C. A. Blatt, as principal, and Burt Hawthorn and H. G. Bragg, as sureties, are defendants; that after personal service the defendants filed their motion to quash the summons; that prior to the hearing of said motion the relator filed his motion for a default; that the motions for default

[1]Reported in 87 Pac. 66.

and to quash service were heard and overruled, the defendants being granted fifteen days within which to plead; that the defendants having failed to answer or demur, the relator filed a second motion for default; that prior to the hearing thereof the defendants demurred to the complaint; that afterwards the second motion for default was granted, whereupon the relator moved the court to empanel a jury to fix the amount of his damages; that the defendants made an application to set aside the default, which application was, on February 13, 1906, denied, and the cause was continued until the May, 1906, term of the court; that on May 9, 1906, the relator renewed his request to the court to set a time for taking evidence in support of his claim for damages, but that the respondent peremptorily refused to set any time for the taking of evidence, and also refused to hear the cause until another action wherein C. A. Blatt was plaintiff and the relator, J. H. McDonald, was defendant, should be tried and determined.

Upon the relator's application, an alternative writ of mandamus was issued, directing the respondent to proceed with the trial, or appear in this court and show cause why he should not do so. The respondent has filed his answer, from which it appears that, during the year 1905, one C. A. Blatt, being the C. A. Blatt mentioned in the relator's affidavit, instituted an action in the superior court of Okanogan county against J. H. McDonald, the relator herein, to determine Blatt's right to the exclusive possession of a tract of land embraced within certain mining claims in Okanogan county; that in said action a temporary order was granted, enjoining McDonald from fencing the land in controversy; that an injunction bond was given, in which Blatt was principal and Hawthorn and Bragg were sureties; that upon trial, a nonsuit was entered upon the motion of McDonald, the action was dismissed, and the restraining order was dissolved; that the action now prosecuted by McDonald concerning which

complaint is made herein, was brought on the injunction bond to recover damages against Blatt as principal and Hawthorn and Bragg as sureties; that shortly thereafter Blatt instituted a second action against McDonald, setting forth the same cause of action alleged in his former suit, but that issue of fact has not been joined therein; that at the May, 1906, term, McDonald demanded of the respondent that his damage suit be set for trial; that thereupon the respondent stated to McDonald that in respondent's opinion McDonald's right to damages would depend in a large degree upon a determination of the issue whether Blatt was in fact the true owner of the mining claims during the time involved in the controversy; that the question of Blatt's ownership and right of possession was raised in his second action against McDonald; that respondent considered it necessary to determine such question before there could be an intelligent consideration of McDonald's claim for damages; that if McDonald would join issue with Blatt in his second action, the court would set both cases for trial and would either try them together or in consecutive order, the respondent's intention being to first try the Blatt case; that the respondent had declined to set the damage suit for trial until both actions were at issue; that respondent further stated to McDonald, as a reason for his action, that the increasing volume of business in the four counties of his judicial district made it necessary for him to economize his time as much as possible; that the two pending actions were between the same parties; that the same witnesses would be necessary in the trial of each; that the issues in the one would materially affect the issues in the other, and that he deemed it proper to set the two cases for trial at the same time.

This proceeding is now before us for determination upon the relator's affidavit and the respondent's answer. Certified copies of the pleadings and orders in the case of *McDonald v. Blatt et al.*, have been filed in this court for our consideration in connection therewith. These records show that the

principal damages claimed by the relator McDonald in his action on the injunction bond are alleged to have been incurred by reason of the loss of crops from the land involved in the controversy between himself and Blatt. The merits of the alleged right of Blatt to either ownership or possession were not determined in the original action in which the nonsuit was granted, but the respondent contends that the same will necessarily be determined in the second action brought by Blatt against McDonald. Respondent doubtless entertained the view that, if Blatt was at all times entitled to the possession of the land, the amount of damages which the relator McDonald would otherwise be entitled to recover would be materially decreased. It is not necessary for us to pass upon the correctness of this view. It does appear, however, that the respondent, in refusing to immediately call a jury and try the cause, was exercising his judicial discretion. A writ of mandamus will not issue to control the discretion or review the judicial action of a trial judge, although it is a proper remedy to compel a court to proceed with the trial of a cause when it refuses to do so, upon the erroneous view that it has no jurisdiction, or when it makes such refusal arbitrarily.

Mr. Spelling, in the second edition of his work on Injunctions and Other Extraordinary Remedies, at § 1394, uses the following language:

"Mandamus is the appropriate remedy at the hands of superior and supervisory courts to set the machinery of inferior courts in motion. It does not direct how such courts shall act, or to what effect they shall exercise their powers, but only to compel action when they refuse to act at all, and have come to a standstill. Superior courts having general superintending control of all inferior courts may, in the maintenance of such control, issue, hear, and determine writs of mandamus, whenever there is a failure or a refusal of an inferior tribunal to act in a matter in which it is its plain duty to act and its refusal deprives or bars anyone of a substantial, legal, or equitable right."

Again, at § 1409, the same author says that the granting of a continuance or a stay of proceedings is for the most part a matter within the discretion of inferior courts, not subject to control by mandamus.

"As a general rule a continuance should be granted upon facts that show that justice requires that the cause should await the trial and conclusion of another suit between the same parties; but the parties to the two actions must be identical, the issues must be the same, and it is essential that the entire relief demanded and sought for in the first action can be awarded in the other. It seems that the granting of a continuance or motion to stay in such cases is governed by the same rules as in the plea of another action pending, and the test lies in the fact whether the evidence would support both actions. The granting or refusal of a stay of proceedings in such cases is in a measure discretionary with the court, but this discretion should not be so extended as to deprive a party of all remedy for his cause of action." 9 Cyc. 88, 89.

We think the respondent was exercising his judicial discretion in refusing to empanel a jury to assess damages until an issue could be obtained and trial also had in the second action brought by said Blatt against McDonald, and we fail to find that he acted arbitrarily or that he has abused such discretion. The parties and the issues in the two actions are substantially the same, and it may be that before entire relief can be granted the second action instituted by Blatt against McDonald should be tried. The respondent has not arbitrarily refused to proceed, nor has he refused to take jurisdiction. If the relator is anxious for a trial, he can obtain the same at an early date by forcing an issue in the second action brought by Blatt. When he does this, the respondent will proceed to try both actions with such promptness as the business of his court will permit.

The application for a peremptory writ is denied.

MOUNT, C. J., ROOT, DUNBAR, RUDKIN, FULLERTON, and HADLEY, JJ., concur.