[No. 11265.  *En Banc.*  August 5, 1913.]

THE STATE OF WASHINGTON, *on the Relation of W. J. Langley et al., Plaintiff,* v. THE SUPERIOR COURT FOR SPOKANE COUNTY, *Respondent.*[1]

APPEAL—DECISION—LAW OF CASE. The supreme court will not grant a writ of mandate to secure the vacation of orders requiring new parties to be brought in, and to compel the entry of judgment for plaintiff, sought on the ground that the orders deprive the plaintiff of substantial rights which cannot be reviewed on appeal, where plaintiff's application for a writ of certiorari to review the orders had been denied on the ground that there was an adequate remedy by appeal from the final judgment; since that decision became the law of the case.

MANDAMUS—WHEN LIES—REMEDY BY APPEAL. The writ of mandamus cannot be used to perform the office of an appeal to review judicial action.

MANDAMUS—APPLICATION—TIME TO SUE. An application for a writ of mandamus to secure the vacation of erroneous orders and the entry of a final judgment is not timely, and will be denied when not made until after the expiration of the time limited for taking an appeal from the orders.

Application filed in the supreme court May 8, 1913, for a writ of mandate to the superior court for King county, Huneke, J., to enter a judgment for plaintiff, and to vacate certain orders.  Denied.

*Cannon, Ferris & Swan* and *Walter A. White,* for relators.
*Post, Avery & Higgins,* for respondent.

PER CURIAM.—This is an original application for a writ of mandate.  The respondent has filed a demurrer and an-

[1]Reported in 134 Pac. 173.

swer conformably to the statute. Rem. & Bal. Code, §§ 1018, 1020 (P. C. 81 §§ 1763, 1767). The demurrer suggests that the application of the relator is neither timely nor meritorious. Prior to this application, the relators applied to this court for a writ of review. That application was denied. *State ex rel. Langley v. Superior Court,* 73 Wash. 110, 131 Pac. 482. Reference is made to the opinion in that case for the facts upon which the application was based, and for a fuller statement of facts than is here presented.

The facts essential to an understanding of the issues are briefly these. Prior to the 13th day of November, 1912, the principal case had been heard before the court upon the merits, and the court had filed an opinion favorable to the plaintiffs, relators here. On that day, the court entered an order requiring the plaintiffs to bring in additional parties. On the 4th day of December, in response to a motion of the plaintiffs, a second order was entered, modifying the order of November 13 in minor particulars, which in nowise affects the questions at issue. A writ of certiorari was sued out December 14 to review these orders. On April 18, 1913, an opinion was filed and the writ was denied. On the 1st day of May following, the plaintiffs applied to the court for a definite judgment in their favor upon the merits. The application was denied. On the 16th day of May, an application was made to this court for a peremptory writ of mandate, commanding the respondent to enter the judgment presented to him on the 1st day of May, and to vacate the orders entered on the 13th day of November, and the 4th day of December, to which reference has been made.

In considering the application for the writ of review, after reference to the proceedings in the case anterior to the application, we said:

"The applicants for the writ contend that they are erroneous and deprive them of substantial rights which cannot be reviewed by an appeal from the final judgment in the cause, and consequently they are entitled to review the same

in advance of such final judgment. But we cannot accept this view of the case. The orders differ in no respect from interlocutory orders generally; they are merely orders made during the progress of the cause deemed necessary by the court to a proper determination of the case. As such, they are not reviewable in this court in advance of the final judgment entered in the cause, but must be reviewed here, if reviewed at all, on an appeal or writ of review taken from the final judgment." Citing a long line of sustaining cases from this court. *Id.*, 73 Wash. 110, 131 Pac. 482.

The view there announced settled the law of the case. *Starr v. Aetna Life Ins. Co.*, 45 Wash. 128, 87 Pac. 1119. The basis of the majority opinion was that the relators had an adequate remedy by appeal. This, indeed, is the true test in all applications for extraordinary writs. *State ex rel. Korsstrom v. Superior Court*, 48 Wash. 671, 94 Pac. 472; *State ex rel. Carrau v. Superior Court*, 30 Wash. 700, 71 Pac. 648; *State ex rel. Egbert v. Blumberg*, 46 Wash. 270, 89 Pac. 708; *State ex rel. Gabe v. Main*, 66 Wash. 381, 119 Pac. 844; *State ex rel. Townsend Gas & Elec. Light Co. v. Superior Court*, 20 Wash. 502, 55 Pac. 933. The authorities are unanimous to the effect that neither a writ of mandate nor other extraordinary writ can be used to perform the office of an appeal to review the judicial action of an inferior tribunal.

The orders sought to be reviewed are those of November 13 and December 4, 1912. After the case had been heard below, and before the entry of these orders, the plaintiffs there, the relators here, had applied to the court for a definite judgment in their favor. This was refused. An application for a similar judgment was made on May 1, after the application for the writ of review had been denied. We feel constrained to hold that the application for a writ of mandate was not seasonably made. *State ex rel. Lowery v. Superior Court*, 41 Wash. 450, 83 Pac. 726; *State ex rel. Tumwater Power & Water Co. v. Superior Court*, 56 Wash. 287, 105 Pac. 815; *State ex rel. Alexander v. Superior*

*Court*, 42 Wash. 684, 85 Pac. 673. These cases are to the effect that we will not ordinarily entertain jurisdiction of an application of this kind after the time fixed for taking an appeal has expired. In *State ex rel. Lowery v. Superior Court*, *supra*, the rule was relaxed because the relator was incompetent to manage her affairs, and in ill health. We adhered to the rule of limitation in the *Tumwater* case, where the relator, fourteen days after its appeal had been dismissed, applied to this court for a writ of review. In this respect, an application for a writ of mandate may not logically be distinguished from an application for a writ of review.

The demurrer is sustained, and the writ is denied.