[No. 14576.   Department Two.   January 17, 1918.]

THE STATE OF WASHINGTON, *on the Relation of Edna Woods,*
*Plaintiff,* v. KENNETH MACKINTOSH, *Judge etc.,*
*Respondent.*[1]

MANDAMUS — TO COURTS — JUDICIAL ACTION — DENYING WRIT OF
HABEAS CORPUS.  Where an application for a writ of habeas corpus
was finally denied, mandamus does not lie to compel the court to
proceed to a hearing, as there was a final judgment from which
appeal lies, and mandamus does not lie to control judicial action.

Application filed in the supreme court December 11, 1917,
for a writ of mandamus to compel the superior court for
King county, Mackintosh, J., to issue a writ of *habeas corpus*
and to proceed with the hearing thereon.   Denied.

*R. L. Blewett,* for relator.

*Hugh M. Caldwell* and *Walter F. Meier,* for respondent.

MOUNT, J.—This is an application for a writ of mandate
to require the respondent to issue a writ of *habeas corpus*
and to proceed with the hearing upon said petition.   On the
5th day of December, 1917, the relator was arrested as a
disorderly person and was committed to the city jail of the
city of Seattle.   On the next day she was examined by physi-
cians selected by the health department of the city of Seattle,
who determined that she was afflicted with an infectious and
contagious venereal disease, and thereafter, on the 7th day of
December, she was removed from the city jail to the hospital
ward thereof and was placed under quarantine.   Thereafter,
on the 10th day of December, she filed a petition for a writ of
*habeas corpus,* in which she alleged the foregoing facts, and
the further facts that she had repeatedly endeavored to have
the charge of being a disorderly person brought to trial;
that she had been ready and willing to furnish bail, which had
been denied her; that she had demanded to be examined by

[1]Reported in 169 Pac. 990.

physicians employed by her to examine her for the purpose of determining whether she was afflicted with a venereal disease, but this had been denied her; that if, upon such examination, she was found to be afflicted with such disease, she would abide by the order of the court and remain in quarantine in her own home until she was pronounced cured by such examining physicians, and that this has also been denied her. She also alleges that she is not suffering from any venereal contagious disease, and that she presented her petition for a writ of *habeas corpus* to the respondent judge of the superior court of King county; that said court refused to consider the application; that, upon the statement of her counsel that she was confined in quarantine, the court thereupon denied the application and entered the following order:

"Application for writ denied."

The relator now seeks by this writ to require the court to issue the writ of *habeas corpus* and proceed to a hearing thereon and finally determine the merits of the case. It is apparent that, when the relator presented her petition for a writ of *habeas corpus* to the respondent judge, and that petition was denied by an entry in the words, "application for writ denied," this was a final order in the case as much so as if a demurrer had been filed and the court, upon argument of that demurrer, had concluded that the petition for a writ of *habeas corpus* did not state facts sufficient. The effect of this order was to dismiss the application for the writ, and was therefore a final judgment. The writ of mandamus will not lie to control judicial action. In *In re Clerf*, 55 Wash. 465, 104 Pac. 622, we said, upon this question:

"A mandamus will run to an inferior court to compel it to act when it holds a cause in abeyance and refuses to decide either one way or the other, but it does not lie to control judicial discretion. This latter, we think, the relator is asking us to do by this application. The trial court is not refusing to proceed to a final determination of the action before it, but is proceeding in a way that the relator conceives is a

violation of her rights.   Her remedy for this error, if it be error, is not by mandamus."

That rule applies with all its force to this application. Counsel for the relator argues that the trial court did not consider the petition for the writ of *habeas corpus*, and that he arbitrarily refused to issue the writ.  The petition for the writ, upon its face, showed that the petitioner was in quarantine after an examination by the health officers of the city, who had declared that she was afflicted with a contagious venereal disease.  Upon that statement of facts the lower court concluded that a writ of *habeas corpus* should not issue. Whether the trial court was right in that conclusion is immaterial here, because the court entered an order denying the application for the writ, which, as we have said, amounted to a final determination of the cause.  It is plain that the court has acted judicially and has determined that the application for the writ of *habeas corpus* should be denied, and that order was entered.  If the court had refused to act at all, then, under the authorities, mandamus would lie to compel action; but where the court does not refuse to act, but acts and enters a judgment in accordance with his opinion, mandamus will not lie to control that action. *Ex parte Jones,* 94 Ala. 33, 10 South. 429, and authorities there cited.

The application for the writ is therefore denied.

Ellis, C. J., Holcomb, Morris, and Parker, JJ., concur.