[No. 15366.  Department One.  July 31, 1919.]

THE STATE OF WASHINGTON, on the Relation of Paul Luketa et al., Plaintiff, v. JOHN S. JUREY, as Judge etc., Respondent.[1]

MANDAMUS (19)—JUDICIAL PROCEEDINGS—EXERCISE OF DISCRETION. Mandamus does not lie to compel the superior court to enter judgment upon a remittitur where the supreme court did not direct a specific judgment, but the direction given was only such as the law gives, and the superior court was not refusing to exercise its discretion or proceed to a final determination of the case; since mandamus does not lie to control discretion or review error.

Application filed in the supreme court May 6, 1919, for a writ of mandamus to compel the superior court for King county, Jurey, J., to sign proposed findings, conclusions and judgment in an action of replevin. Denied.

[1]Reported in 182 Pac. 932.

*Van C. Griffin* and *Benj. S. Ohnick,* for relators.

*Piles & Halverstadt* and *W. P. Bell,* for respondent.

MAIN, J. — This is an original application in this court for a writ of mandamus. In the *American Packing Co. v. Luketa,* 98 Wash. 6, 167 Pac. 87, the plaintiff brought an action in replevin to recover the possession of a fishing boat known as the Boston II. In that action, as originally instituted, Paul Luketa alone was named as a defendant. After the action had been begun, Sam Luketa intervened, claiming to be the owner of an undivided one-half interest in the boat. After the issues were framed, the cause went to trial, and resulted in a judgment in favor of the plaintiff. From that judgment the defendant and intervener appealed. Upon the appeal, the judgment was reversed and the trial court was directed to enter a judgment in accordance with § 434, Remington's Code, which defines the kind of a judgment to be entered in a replevin action when the plaintiff does not prevail. The opinion gives no other or further direction.

After the remittitur was filed in the superior court, the defendant and intervener proposed findings, conclusions of law and a form of judgment. The plaintiff filed a petition setting out that, subsequent to the trial, and while the cause was pending in this court, a lien which had been placed on the boat by the intervener and the defendant had been foreclosed in an action in which the American Packing Company, Paul Luketa and Sam Luketa were named as defendants. They appeared and resisted the foreclosure of the lien. The suit resulted in a judgment of foreclosure, and the title passed to a third person as the result of such action. The trial judge, when the defendant and intervener's proposed findings, conclusions of law and judgment were presented, indicated that he would not

sign the same, but would make such findings, conclusions of law and enter such judgment as the record in the case would justify.

The trial judge also dismissed the petition presented by the American Packing Company, and declined to permit the fact to be shown that, subsequent ·to the trial of the action in the superior court, and while the same was pending here on appeal, the title to the boat had been lost through the foreclosure of a lien which had been created thereon by the defendant and intervener.

After the trial judge had indicated the manner in which he proposed to dispose of the case, the defendant and intervener made this application for a writ of mandamus to require him to sign the findings, conclusions of law and judgment proposed by them.

A writ of mandamus will not run to the superior court to compel it to decide a matter one way or the other, and judicial discretion cannot be controlled by such writ. This we think is what the relators here are asking us to do by this application. The trial court is not refusing to proceed to final determination of the action before it, but is proceeding in a way that the relators conceive as a violation of their rights. The remedy, if this be error, is not by mandamus. *In re Clerf*, 55 Wash. 465, 104 Pac. 622; *State ex rel. Woods v. Mackintosh*, 99 Wash. 553, 169 Pac. 990.

Likewise, if the refusal of the trial judge to hear the matter presented in the petition of the plaintiff, the American Packing Company, was error, it cannot be corrected by writ of mandamus. Upon this matter the court was exercising a judgment, and, if error was committed, it cannot be corrected in this proceeding. This is not a case where a cause has been appealed to this court and, on the disposition of the same here, a specific judgment has been directed. The direction

given in the opinion was only such direction as the law gives.

Some complaint is made upon this application that the court did not, when the cause was here and the judgment reversed, find the value of the boat and the damages for the taking and withholding. Upon this question, the trial court had made no findings, and the question was not discussed in the briefs, and it seemed best to remand the case to the superior court, in order that the trial judge, who heard the evidence, might first exercise his judgment in the matter. Had this court at that time indicated the findings, the party or parties feeling themselves aggrieved would doubtless have complained because they had not had an opportunity to be heard upon the matter.

Upon the record here, this court could not have taken into consideration any matter that might have happened subsequent to the entry of the judgment and pending the appeal which was proper to be considered in finally disposing of the case.

The writ will be denied.

MITCHELL, MACKINTOSH, and TOLMAN, JJ., concur.

HOLCOMB, C. J., took no part.