[No. 15791. Department Two. April 22, 1920.]

THE STATE OF WASHINGTON, *on the Relation of F. H. Godfrey, Plaintiff*, v. THE SUPERIOR COURT FOR PIERCE COUNTY, *W. O. Chapman, Judge, Respondent*.[1]

MANDAMUS (3, 4)—TO COURTS—REMEDY BY APPEAL. Mandamus does not lie to compel the superior court to set aside its order sustaining a demurrer to an application for a mandamus of which it had jurisdiction; since there is a remedy by appeal and the mere question of delay does not affect the question of adequacy of the remedy.

Application filed in the supreme court March 8, 1920, for a writ of mandamus to compel the superior court for Pierce county, Chapman, J., to vacate an order quashing an alternative writ of mandate, and to further proceed with the cause. Denied.

*Stiles & Latcham,* for relator.

*William D. Askren, Frank D. Nash,* and *J. A. Sorley,* for respondent.

MITCHELL, J.—The relator, by mandamus proceedings in the superior court for Pierce county, commenced an action against the treasurer of that county to have a portion of the tax levied and assessed against

[1] Reported in 189 Pac. 256.

relator's property in Tacoma declared illegal because in excess of the amount permitted to be levied by the provisions of the charter of the city, and to require the treasurer to accept and receipt for the proper tax. An alternative writ of mandate was issued and served, whereupon the treasurer appeared in the cause and filed a general demurrer to the alternative writ, and moved to quash the same, upon the grounds that the alternative writ and the affidavit upon which it was based did not state facts sufficient to authorize the issuance of the writ demanded. Upon being presented to the superior court, the demurrer was sustained and the alternative writ was ordered quashed. Thereupon the present application was made to this court for a writ of mandate to compel the respondent, as judge of the superior court, to set aside the order sustaining the general demurrer and quashing the alternative writ, and to proceed with the action to final determination.

Relator contends he is fortified in the present application by some of the reasons given by the trial court in making the ruling complained of. To the contrary, we are satisfied the result of the ruling must control. With both parties before it, the jurisdiction of the trial court was never questioned, nor did that court refuse to entertain jurisdiction; it only sustained a general demurrer to the sufficiency of the application for a writ of mandate. If relator were allowed to prevail in this proceeding, it would amount to permitting the writ of mandate to take the place of the remedy by appeal. It would be equal to saying now, in the absence of any showing or reason that there is not a plain, speedy and adequate remedy in the ordinary course of law, that the superior court, having jurisdiction of the subject-matter and of the parties, had committed error in the process of settling the pleadings in the cause. It would result in a direction from this

court to the trial court to reverse its ruling and to decide that the petition or affidavit presented there was entirely sufficient to constitute a cause for the relief demanded, and to proceed with the matter of making up the issues, together with the trial of the facts. Indeed, that is just what is now specifically demanded by the relator. Under the terms of § 1014, Rem. Code, the purpose of the issuance by this court of a writ of mandate directed to a superior court is to compel the performance of an act which the law especially enjoins as a duty resulting from that office; its purpose is not to compel the superior court to perform an act in a particular way, nor to decide in favor of one or the other of the litigants. In the present case, the judge of the superior court has already acted. In doing so he acted judicially, and entered an order made during the progress of the cause, manifestly considered proper and necessary by the court in the determination of the issue of law presented. As such, that order is not reviewable in advance of the final judgment entered in the cause, provided, of course, the remedy in the ordinary course of law or by appeal is plain, speedy and adequate. The authorities are unanimous to the effect "that neither a writ of mandate nor other extraordinary writ can be used to perform the office of an appeal to review the judicial action of an inferior tribunal." *State ex rel. Langley v. Superior Court,* .74 Wash. 556, 134 Pac. 173. Section 1015, Rem. Code, provides: "The writ must be issued in all cases where there is not a plain, speedy and adequate remedy in the ordinary course of law . . ." and this court has often said, "that the adequacy of the remedy by appeal, or in the ordinary course of law, is the test to be applied by this court in all applications for extraordinary writs, . . ." *State ex rel. Miller v. Superior Court,* 40 Wash. 555,

82 Pac. 875, 111 Am. St. 925, 2 L. R. A. (N. S.) 395. As we understand, the only claim made that the remedy by appeal in the present case would not be efficacious is because of delay; but, in common with other courts, we have standfastly announced the rule that the mere question of delay or expense is not sufficient to disturb the ordinary course of law or remedy by appeal. *State ex rel. Miller v. Superior Court, supra.*

We take no occasion to review many cases and authorities cited from this and other courts in the arguments of respective counsel, feeling satisfied that what we have said herein is sufficient for the proper disposal of the case.

The application for the writ will be denied.

HOLCOMB, C. J., TOLMAN, PARKER, and FULLERTON, JJ., concur.