[No. 16850.    Department One.    November 14, 1921.]

THE STATE OF WASHINGTON, *on the Relation of Dora Fleischman, Plaintiff*, v. THE SUPERIOR COURT FOR SPOKANE COUNTY, *Bruce Blake, Judge, Respondent.*[1]

MANDAMUS (4)—TO COURTS—JUDICIAL PROCEEDINGS—REMEDY BY APPEAL. Under the rule that a writ of mandamus issues to a lower court to compel it to exercise its judicial functions and powers, not to direct or control their exercise, the writ will be denied when it is sought as a mode of determining the constitutionality of a statute on which the lower court had rested its conclusion.

Application filed in the supreme court October 4, 1921, for a writ of mandamus to compel the superior court for Spokane county, Blake, J., to proceed with the trial of a cause. Denied.

*Frank Yuse, Fred Duggan*, and *McCarthy, Edge & Lantz*, for relator.

*Wm. C. Meyer*, for respondent.

FULLERTON, J.—The relator, Dora Fleischman, instituted an action in the superior court of Spokane county against her husband, Frank Fleischman, for a divorce. The husband being a nonresident, service of summons upon him was sought to be obtained by publication, and to that end the relator caused a summons in the usual form to be published for the required time in a newspaper authorized under the statute to publish legal notices. After the publication had been com-

[1]Reported in 201 Pac. 739.

pleted, proof of its publication was made by affidavit.
The affidavit was regular in all respects, save that it
did not state that the fee charged for the publication
had been fully paid and that it showed on its face that
the charge made for the publication was less than the
minimum charge prescribed by chapter 99 of the Laws
of 1920-1921, p. 293. On this proof the trial court re-
fused to grant a motion for default or to proceed fur-
ther with the cause, holding that a compliance with the
statute in the respects mentioned was a necessary
requisite to its jurisdiction to further proceed. With
the status of the cause in this condition, the relator ap-
plied to this court for an original writ of mandamus,
directed to the judge of the court, commanding him
either to grant the default and proceed with the trial
or show cause why he should not do so. An alternative
writ was issued, to which the trial court has made re-
turn to the effect that he ruled to the effect complained
of because of the mandate of the statute cited.

In this court, at the hearing on the return to the
writ, the relator urged but one question, namely, the
constitutionality of the statute on which the trial court
rested its conclusion. But this question we do not feel
called upon to determine in this form of proceeding.
It would be to make the writ of mandamus perform the
function of an appeal or a writ of review. This is not
the purpose of such a writ when issued from this court.
It issues from this court to a superior court to compel
it to exercise its judicial functions and powers, not to
direct or control their exercise. *In re Clerf,* 55 Wash.
465, 104 Pac. 622; *State ex rel. Woods v. Mackintosh,*
99 Wash. 553, 169 Pac. 990; *State ex rel. Luketa v.
Jurey,* 108 Wash. 44, 182 Pac. 932; *State ex rel. Langly
v. Superior Court,* 74 Wash. 556, 134 Pac. 173; *State
ex rel. Godfrey v. Superior Court,* 111 Wash. 101, 189
Pac. 256.

In the instant case the court did not refuse to exercise its judgment. On the contrary, it held, when the affidavit was presented to it, that it was insufficient to warrant the relief sought by the relator. This was clearly within its prerogative. It may have committed error in so doing, but if it did so, the error is not reviewable in any form of proceeding in advance of the final judgment in the cause, much less is it reviewable by an original writ of mandamus issued out of this court.

There being no justiciable question before us, the alternative writ heretofore issued will be quashed, and a peremptory writ refused.

PARKER, C. J., MITCHELL, TOLMAN, and BRIDGES, JJ., concur.