[No. 21622. Department Two. November 22, 1923.]

THE STATE OF WASHINGTON, *on the Relation of Elbe R. Smith, Plaintiff*, v. ROBERT M. JONES, *as Judge etc., Defendant.*[1]

*Winter S. Martin* and *Arthur Collett, Jr.,* for relator.

PARKER, J.—This is an original mandamus proceeding in this court, wherein the relator, Mrs. Smith, seeks a writ of mandate to compel Judge Jones of the superior court for King county to enter an order dismissing an action pending in his court, in which L. R. Clark is plaintiff and she is one of the defendants, upon the ground that Clark has refused to answer certain interrogatories propounded to him by her counsel in the taking of his deposition in her behalf in that action.

The facts, so far as necessary to be here noticed, may be summarized as follows:

L. R. Clark commenced an action in the superior court for King county against Russell Smith and Elbe R. Smith, his wife, seeking recovery upon a prom-

[1] Reported in 271 Pac. 1005.

issory note theretofore executed by Mr. Smith alone, alleging the note to be a community obligation and praying for judgment accordingly against the community. Thereafter Mrs. Smith separately answered in the action, challenging the community character of any debt evidenced by the note, and also challenging the validity of the note upon the ground of fraud and collusion between Clark and Mr. Smith in its execution for the purpose of depriving her of her community property rights.

Thereafter Mrs. Smith by her counsel sought an examination of Clark by the taking of his deposition, in pursuance of the provisions of Rem. Comp. Stat., §§ 1225-1230, inclusive, and Rule VIII of this court relating to the taking of depositions of parties to actions. Accordingly, Clark appeared before a notary public for the purpose of answering such interrogatories as might be propounded to him in behalf of Mrs. Smith, and there voluntarily answered some interrogatories, but refused to answer others propounded to him in behalf of Mrs. Smith.

Her counsel thereupon applied to Judge Jones of the superior court for an order dismissing the action, because of the refusal of Clark to answer the interrogatories so propounded to him. The matter was heard before Judge Jones, and he, being of the opinion that the interrogatories were not such as Clark was required to answer incident to the issues of the case under the statute and rule above noticed, thereupon entered an order denying the motion made in Mrs. Smith's behalf for dismissal of the case because of the refusal of Clark to answer interrogatories.

Counsel for Mrs. Smith invoke the following provisions of our statute and court rule, relating to examination of parties to actions:

"If a party refuse to attend and testify at the trial, or to give his deposition, or to answer any interroga-

tories filed, his complaint, answer or reply may be stricken out, and judgment taken against him, . . ." Rem. Comp. Stat., § 1230.

"The testimony of a witness may be taken by deposition, to be read in evidence in an action, suit, or proceeding commenced and pending in any court in this state, in the following cases:

. . . . . . . .

"(5) When the witness is a party to the action . . ." 140 Wash. xl. (Rule VII.)

Counsel for Mrs. Smith has presented a somewhat elaborate brief and argument touching her claimed right to have Clark answer all of the interrogatories propounded to him in her behalf. We do not feel called upon to determine that question in this proceeding. The learned trial judge may or may not have been in error in refusing to visit upon Clark the penalty of dismissal of his action upon his failure to answer, as we have noticed, but we are unable to see that such action of the trial judge could in any event amount to other than mere error of the same nature as any error a court might commit in making a trial ruling.

The court manifestly had jurisdiction, and its ruling did not finally dispose of the case or prevent it from proceeding in an orderly manner to final disposition. It is true the ruling so made by Judge Jones may not be technically a trial ruling, but it was at all events an interlocutory ruling that did not finally dispose of the case or prevent it from proceeding in an orderly manner to final disposition. It seems plain to us that it is such a ruling as must be reviewed by this court upon appeal from the final judgment which may be ultimately rendered in the case.

The following mandamus decisions dealing with problems, in substance, of this same nature call for the denial of the writ here prayed for: *In re Clerf,*

55 Wash. 465, 104 Pac. 622; *State ex rel. Langley v. Superior Court,* 74 Wash. 556, 134 Pac. 173; *State ex rel. Woods v. Mackintosh,* 99 Wash. 553, 169 Pac. 990; *State ex rel. Luketa v. Jurey,* 108 Wash. 44, 182 Pac. 932; *State ex rel. Godfrey v. Superior Court,* 111 Wash. 101, 189 Pac. 256; *State ex rel. Fleischman v. Superior Court,* 117 Wash. 500, 201 Pac. 739.

In harmony with these mandamus decisions are the following prohibition decisions: *State ex rel. Mackintosh v. Superior Court,* 45 Wash. 248, 88 Pac. 207; *State ex rel. Griffith v. Superior Court,* 71 Wash. 386, 128 Pac. 644; *State ex rel. Meyer v. Clifford,* 78 Wash. 555, 139 Pac. 650; *State ex rel. McGlothern v. Superior Court,* 112 Wash. 501, 192 Pac. 937; *State ex rel. McClaskey v. Superior Court,* 115 Wash. 354, 197 Pac. 30.

It seems clear to us that the writ prayed for must be denied. It is so ordered.

FULLERTON, C. J., MAIN, ASKREN, and FRENCH, JJ., concur.