[No. 21368. *En Banc.* November 27, 1928.]

THE STATE OF WASHINGTON, *on the Relation of City of Spokane, Plaintiff,* v. THE SUPERIOR COURT FOR SPOKANE COUNTY, *Respondent.*[1]

*J. M. Geraghty* and *Alex M. Winston,* for relator.
*C. W. Greenough* and *A. O. Colburn,* for respondent.

BEALS, J.—Relator seeks to make peremptory an alternative writ of mandamus directed to the Honorable William A. Huneke, judge of the superior court of the state of Washington for Spokane county, requiring him to sign a proposed judgment prepared by relator in cause No. 77721 of the files of the superior court for Spokane county, entitled "The State of Washington on the relation of city of Spokane, a municipal corporation, plaintiff, v. G. F. DeGraff, as county treasurer of Spokane county, defendant," or show cause before this court why he should not sign the same.

[1]Reported in 272 Pac. 60.

Respondent has appeared and filed his return to the alternative writ.

The facts giving rise to this proceeding are as follows: The city of Spokane, a municipal corporation, instituted, in the superior court for Spokane county, against G. F. DeGraff, as treasurer of Spokane county, a proceeding by way of an application for a writ of mandamus (which we herein refer to as the main action), requiring the respondent to accept from the relator a warrant drawn by relator, the city of Spokane, in favor of Spokane county, in payment of delinquent general taxes due against certain real property in Spokane county, which relator desired to redeem pursuant to Laws of 1925, Ex. Ses., p. 470 (Rem. 1927 Sup., § 9393).

The trial of the main action resulted in a judgment of dismissal thereof, from which relator, the city of Spokane, appealed, with the result that this court reversed the judgment of dismissal. *State ex rel. Spokane v. DeGraff*, 143 Wash. 326, 255 Pac. 371. The superior court, in dismissing the action, held the law under which the city was endeavoring to proceed to be unconstitutional, and for that reason dismissed the proceeding. This court held the act in question constitutional and reversed the judgment of dismissal without giving the lower court specific directions as to what further proceedings it should take.

Prior to the entry of the order of dismissal, the superior court signed findings of fact, which were not excepted to by the defendant, and entered the following conclusion of law:

"That Chapter 170 of the session laws of the Extraordinary Session of the legislature of the state of Washington is unconstitutional, and that by reason thereof the relator is not entitled to any relief herein, —to which conclusions of law the relator excepts, and said exception is allowed by the court."

In his return to the alternative writ of mandamus now before us, respondent states that the defendant in the main action has not yet had a full and complete hearing, and sets forth a copy of his memorandum decision rendered upon this relator's application for the entry of judgment, in which opinion respondent states that the findings of fact were prematurely and inadvertently signed, and that the same should not have been signed until the evidence was all before the court. Respondent in his decision further directs that the case be regularly set down for trial.

Relator contends that, as the findings of fact made by the trial court were not excepted to and that as the same follow the statute (which this court has held constitutional) and the allegations of relator's amended complaint in the main action, it is now the duty of the trial court to sign the judgment in this relator's favor prepared by its counsel.

Respondent takes the position that the judgment of this court reversing the judgment dismissing the main action leaves that cause in exactly the condition it was in just prior to the entry of the judgment of dismissal thereof, and that the trial court may disregard the findings of fact which it signed and entered and may, in the exercise of its discretion, proceed to hear further testimony in the action before rendering judgment.

This is not a case in which a writ of mandate, by way of a writ of *procedendo,* is sought to compel an inferior tribunal to proceed with the trial of an action, as the superior court is not refusing to proceed, but on the contrary has directed that the cause be regularly set down for trial. Neither does this proceeding fall within that class of cases of which *State ex rel. Gabe v. Superior Court,* 66 Wash. 381, 119 Pac. 844, is an example, where the lower court has, in disregard of an absolute right to instant relief, as shown by

admitted facts, and where no room for the exercise of discretion on the part of the court exists, entered an erroneous order and refused to accord relator relief to which he is clearly entitled.

To this class, also, belongs the case of *State ex rel. Stone v. Superior Court,* 97 Wash. 172, 166 Pac. 69.

On the other hand, it is unquestionably the law that the discretion of the trial court cannot be controlled by mandamus; *State ex rel. Romano v. Yakey,* 43 Wash. 15, 85 Pac. 990; *State ex rel. McDonald v. Steiner,* 44 Wash. 150, 87 Pac. 66; and in our opinion the proceeding now before us falls within this rule.

On the appeal of the main action, it was held that the law under which the city of Spokane was endeavoring to proceed was constitutional, and that the lower court had erred in holding the same unconstitutional and in dismissing the city's action. Upon reversal of that judgment of dismissal, this court having given the superior court no specific directions as to its further proceedings, the judge of that court before whom the matter next came regularly for hearing, had the power, in the exercise of his sound discretion, to open the case for further testimony on application of either party and to hear and consider such further evidence as might be introduced.

The reversal by this court of the judgment of dismissal placed the proceeding before the trial court exactly as it stood just prior to the entry of the judgment, and the lower court has the right to vacate or amplify its findings of fact, if it desires to do so, and take such further steps in the proceeding as are not inconsistent with the opinion of this court holding constitutional the law under which the city of Spokane is proceeding. It is, of course, evident that the conclusion of law entered by the trial court, above quoted, is contrary to the decision of this court and must be va-

cated. If the superior court has abused its discretion or committed error, or if it abuses its discretion or commits error in any further proceedings it may take, such abuse of discretion or error may be reviewed upon an appeal by the party aggrieved from such judgment as may hereafter be entered in the action.

The case of *State ex rel. Luketa v. Jurey*, 108 Wash. 44, 182 Pac. 932, is in point upon the question now before us for determination. In that case there was presented to this court an original application for a writ of mandamus; the relator seeking the writ to require the respondent, as judge of the superior court for King county, to sign findings of fact, conclusions of law and a judgment as prepared by relator in an action to which relator was a party, and which findings, etc., the trial judge had refused to sign. The facts, briefly stated, were as follows: In an action against the relator Luketa, a judgment had been entered against him, from which he appealed. Upon reversal of the judgment by this court, certain proceedings were had before the superior court, in the course of which it appeared that, while the case was pending upon appeal, certain matters had transpired which affected the subject-matter of the action. Upon these facts and other matters being called to the attention of the trial court, that court indicated its intention to take certain steps, to which the relator objected, and to prevent which he brought the application for a writ of mandamus. The application was denied; the court, after stating the facts, says:

"A writ of mandamus will not run to the superior court to compel it to decide a matter one way or the other, and judicial discretion cannot be controlled by such writ. This we think is what the relators here are asking us to do by this application. The trial court is not refusing to proceed to final determination of the action before it, but is proceeding in a way that the

relators conceive as a violation of their rights. The remedy, if this be error, is not by mandamus. *In re Clerf,* 55 Wash. 465, 104 Pac. 622; *State ex rel. Woods v. Mackintosh,* 99 Wash. 553, 169 Pac. 990.

"Likewise, if the refusal of the trial judge to hear the matter presented in the petition of the plaintiff, the American Packing Company, was error, it cannot be corrected by writ of mandamus. Upon this matter the court was exercising a judgment, and, if error was committed, it cannot be corrected in this proceeding. This is not a case where a cause has been appealed to this court and, on the disposition of the same here, a specific judgment has been directed. The direction given in the opinion was only such direction as the law gives."

The last mentioned case and other cases were considered by this court in the matter of *State ex rel. Fleischman v. Superior Court,* 117 Wash. 500, 201 Pac. 739, an original application for a writ of mandamus filed in this court, in which the relator sought to require the trial court to enter an order of default and proceed with the trial of an action then pending before it. In the course of the opinion Judge Fullerton, speaking for the court, says:

"In this court, at the hearing on the return to the writ, the relator urged but one question, namely, the constitutionality of the statute on which the trial court rested its conclusion. But this question we do not feel called upon to determine in this form of proceeding. It would be to make the writ of mandamus perform the function of an appeal or a writ of review. This is not the purpose of such a writ when issued from this court. It issues from this court to a superior court to compel it to exercise its judicial functions and powers, not to direct or control their exercise. *In re Clerf,* 55 Wash. 465, 104 Pac. 622; *State ex rel. Woods v. Mackintosh,* 99 Wash. 553, 169 Pac. 990; *State ex rel. Luketa v. Jurey,* 108 Wash. 44, 182 Pac. 932; *State ex rel. Langly v. Superior Court,* 74 Wash. 556, 134 Pac. 173; *State ex rel. Godfrey v. Superior Court,* 111 Wash. 101, 189 Pac. 256.

"In the instant case the court did not refuse to exercise its judgment. On the contrary, it held, when the affidavit was presented to it, that it was insufficient to warrant the relief sought by the relator. This was clearly within its prerogative. It may have committed error in so doing, but if it did so, the error is not reviewable in any form of proceeding in advance of the final judgment in the cause, much less is it reviewable by an original writ of mandamus issued out of the court.

"There being no justiciable question before us, the alternative writ heretofore issued will be quashed, and a peremptory writ refused."

We are of the opinion that the rule of law laid down in the last two cases cited is applicable to the question now before us.

The application for a peremptory writ of mandamus is denied.

FULLERTON, C. J., PARKER, MITCHELL, ASKREN, FRENCH, TOLMAN, and MAIN, JJ., concur.