[No. 24015. Department Two. July 13, 1932.]

THE STATE OF WASHINGTON, *on the Relation of George F. Massart, Plaintiff,* v. JAMES B. KINNE, *Judge of the Superior Court for King County, Respondent.*[1]

*Stephen V. Carey* and *Arnold R. Beezer,* for relator.

*The Attorney General, John A. Homer, Assistant,* and *Eggerman & Rosling,* for respondent.

BEALS, J.—Relator applied to this court for a writ of mandate directed to Honorable James B. Kinne, a judge of the superior court for King county, requiring him, in the alternative, to proceed to hear and determine issues raised in an action instituted by relator in the superior court for King county against Paul H.

[1]Reported in 12 P. (2d) 919.

Johns and others, constituting the board of regents of the University of Washington, and University Plumbing & Heating Co., a corporation, or to transfer the action to the superior court for Thurston county. An order to show cause having been issued out of this court and respondent having demurred to relator's petition and having filed an answer and return to the order to show cause, the matter is before us for determination upon the following facts, as disclosed by the pleadings herein:

Relator, in his complaint filed in the superior court, alleged that the board of regents called for bids for the installation of a plumbing and heating system in a building about to be erected for university purposes; that Massart Brothers, Inc., a corporation, submitted a bid in an amount slightly less than one submitted by University Plumbing & Heating Co., a corporation, to which latter company the board of regents awarded the contract. Relator, after alleging that he was a taxpayer in King county, set forth in his complaint that, in awarding the contract to the successful bidder, the board of regents was actuated by favoritism and bias, and that their action was arbitrary, fraudulent and capricious. The superior court was requested to restrain the award of the contract until the action could be tried; relator further asking for a permanent injunction.

The board of regents, appearing by the *Attorney General*, filed a special appearance and motion to quash upon the ground that the suit was, in effect, an action against the state, and that the superior court for King county had no jurisdiction to entertain the same. Other questions were presented, with which we are not now concerned. The regents also, preserving their special appearance, demurred to the complaint

upon the grounds, first, that the court had no jurisdiction over the subject matter of the action or the persons of the defendants; second, that there was a defect of parties defendant; third, that there was a defect of parties plaintiff; and, fourth, that the complaint failed to state sufficient facts. Defendant University Plumbing & Heating Co. filed similar pleadings.

At the hearing on the order to show cause, the trial court announced that it would grant the motions to quash and dismiss the action. Entry of the formal order embodying the ruling of the superior court was delayed to afford an opportunity for an application to this court for a writ of mandate.

By his brief filed herein, relator accepts as correct respondent's proposition that the action, being against the board of regents concerning the exercise of their official duties, is, in effect, a suit against the state, triable in Thurston county, and contends that this court should, by writ of mandate, require respondent to transfer the proceeding to the superior court for Thurston county.

The constitution of this state, Art. II, § 26, provides that "The legislature shall direct by law in what manner and in what courts suits may be brought against the state." The legislature, by Rem. Comp. Stat., § 886, provided that

"Any person or corporation having any claim against the state of Washington shall have the right to begin an action against the state in the superior court of Thurston county."

In 1927, this section was amended by adding a proviso to the effect that actions for the enforcement or foreclosure of any lien upon, or to determine or quiet title to, any real property in which the state of Wash-

ington is a necessary or proper party, might be commenced and prosecuted to judgment against the state in the superior court of the county in which such real property is situated. The portion of the section above quoted was reenacted without change.

Relator contends that the statute, as originally enacted, merely fixes the place where suits against the state shall be tried, and that the statute fixes venue merely, and does not confer jurisdiction.

In determining the questions presented on this application, we assume, without deciding, as contended by relator, that, under the section of the constitution above quoted, the statute is merely one of venue and does not confer jurisdiction, and, as relator concedes, that the action is, in effect, one against the state. The question is, therefore, whether or not this court shall, by writ of mandate, require respondent to transfer the cause to the superior court for Thurston county.

Assuming that relator, as plaintiff below, could have applied to the superior court to transfer his action to another county, it does not appear that any such request was made. Relator stated to the trial court that he would not object to a transfer, but he did not ask that such an order be entered.

We find no authority for holding that respondent was by law required to transfer the action, and the record discloses no facts which justify the issuance by this court of a writ of mandate directing that such a transfer be made. In the case of *State ex rel. Fleischman v. Superior Court,* 117 Wash. 500, 201 Pac. 739, this court said, referring to the writ of mandamus:

"It issues from this court to a superior court to compel it to exercise its judicial functions and powers, not to direct or control their exercise."

As was said by this court in the case of *State ex rel. Godfrey v. Superior Court,* 111 Wash. 101, 189 Pac. 256:

"The purpose of the issuance by this court of a writ of mandate directed to a superior court is to compel the performance of an act which the law especially enjoins as a duty resulting from that office; its purpose is not to compel the superior court to perform an act in a particular way, nor to decide in favor of one or the other of the litigants."

Relator concedes that his action should be tried before the superior court for Thurston county, for the reason that the same is, in effect, an action against the state. We find no authority for holding that respondent, as judge of the superior court for King county, was required by law to enter an order transferring the case to Thurston county. Under these circumstances, relator is not entitled to the issuance of the writ of mandate which he seeks.

The order to show cause heretofore issued herein is quashed, and this proceeding is dismissed. The matter being emergent, the remittitur will go down in ten days, unless a petition for rehearing be sooner filed.

TOLMAN, C. J., MAIN, MILLARD, and HOLCOMB, JJ., concur.