[No. 25388. Department Two. October 29, 1934.]

THE STATE OF WASHINGTON, *on the Relation of John Murphy, Plaintiff,* v. W. O. CHAPMAN, *as Judge of The Superior Court for Pierce County, Respondent.*[1]

*Lloyd & McGavick,* for relator.

*Bertil E. Johnson* and *D. D. Schneider,* for respondent.

MITCHELL, J.—This is an application for a writ of mandate to require the respondent to proceed with the arraignment and trial of relator upon an indictment charging him with grand larceny. The indictment was presented to the superior court and filed with the clerk on October 16, 1934. It appears that, on the next day, October 17, 1934, the relator, with his attorney, appeared before the respondent demanding that he be arraigned and given a speedy trial by jury. His demand was denied, whereupon the present proceeding was commenced in this court upon relator's complaint for a writ filed on October 19, 1934, upon

[1]Reported in 37 P. (2d) 216.

which, together with a return by the respondent to an alternative writ, a hearing was had on October 26, 1934.

For present purposes, the essential allegations of the complaint filed in this court are:

"(1) That your relator is and was at all times hereinafter mentioned a duly elected, acting and qualified County Commissioner of Pierce County, Washington, and that your relator has been indicted by a Grand Jury, called and assuming to act in Pierce County, and in such indictment charged with the crime of grand larceny. That your relator has been regularly nominated by the Democratic Party for re-election and is now the Democratic candidate for re-election to succeed himself to said office, and that the regular election will be held on the 6th day of November, 1934.

"(2) That said cause was regularly assigned by the Presiding Judge of Pierce County to the Honorable W. O. Chapman, one of the judges thereof for arraignment and trial, and that your relator has appeared in open court, . . . and demanded to be arraigned and have his case set down for trial upon the merits before a jury instanter, but that the said respondent, W. O. Chapman, refused to accept an arraignment and refused to make an assignment of the case and has at all times since and does now refuse so to do.

"(3) Your relator further on oath states the fact to be that a jury is available and that there was a jury in the box and other jurors available at the time your relator made his said demands, and that the jury is now on call subject to the order of said judge; . . ."

The precise relief sought, as suggested in the prayer of relator's complaint, is as follows:

"Wherefore, your relator prays that a writ of mandate issue out of this court directed to the said W. O. Chapman, as judge of the Superior Court for Pierce County, demanding him to instanter arraign the defendant, the relator herein, in open court to accept his plea of not guilty and thereupon instanter, or at such time as this court may fix, to impanel a jury and proceed with the trial of your relator."

In the return, the respondent admits the allegations contained in paragraph 1 of the complaint. Answering paragraph 2 of the complaint, the respondent

". . . admits that said cause was regularly assigned by the Presiding Judge of Pierce County to this respondent for arraignment and trial and that the relator appeared in open court on Wednesday, October 17, 1934, and demanded to be arraigned and have his case set down for trial upon the merits before a jury instanter."

Answering paragraph 3 of the complaint, the respondent admits there was a petit jury in the box in his department, engaged in the trial of a civil action at the time mentioned in the complaint, with respect to which it was further alleged, in substance, that, at that time, the other members of the petit jury panel for October had been temporarily excused until a later date, though not entirely discharged.

Affidavits filed for and against the foregoing allegations of the pleadings go considerably into detail concerning the controversy, which altogether divides itself into two parts: (1) The arraignment of the relator and fixing a date by the respondent for the trial; and (2) the power of this court to fix a date for the trial in the superior court.

■ Upon the first point, the circumstances, of course, strongly suggest the propriety of relator's demand for a speedy trial. At the hearing here on the 26th of October, a showing was made

". . . . that on Wednesday, October 24, 1934, the state of Washington caused said case to be placed on the assignment and arraignment docket for Saturday, October 27, 1934, at which time said defendant will be arraigned and the case regularly set for trial."

That law day in the superior court has now passed, so that we assume the arraignment and setting of the case for trial have already taken place, or will forth-

with upon the filing of this opinion in this court, else the relator may advise us of such delay for our further consideration of the case.

As to the second point, relator petitions that this court, upon granting of a writ of mandate, direct therein that, upon the plea of not guilty in the superior court, that court shall "instanter, or at such time as this [supreme] court may fix, impanel a jury and proceed with the trial of your relator." If the case has already been assigned, this second point, just above referred to, becomes unnecessary of further consideration.

However, it may be stated that this request on the part of the relator is of a kind beyond the province of this court. The fixing of dates for the trial of causes is within the discretion of the trial court, of course, and we have steadfastly followed the rule stated in *In re Clerf*, 55 Wash. 465, 104 Pac. 622:

"A mandamus will run to an inferior court to compel it to act when it holds a cause in abeyance and refuses to decide either one way or the other, *but it does not lie to control judicial discretion.*" (Italics ours.)

Other of our cases to the same effect are: *State ex rel. Woods v. Mackintosh*, 99 Wash. 553, 169 Pac. 990; *State ex rel. Luketa v. Jurey*, 108 Wash. 44, 182 Pac. 932; *State ex rel. Spokane v. Superior Court*, 150 Wash. 13, 272 Pac. 60.

On condition that the arraignment and setting of the case for trial has already taken place or will be had promptly, as hereinbefore discussed, the writ will be denied.

BEALS, C. J., HOLCOMB, BLAKE, and STEINERT, JJ., concur.