[No. 27936. Department Two. March 14, 1940.]

THE STATE OF WASHINGTON, *on the Relation of Lester Beffa, Plaintiff*, v. THE SUPERIOR COURT FOR WHATCOM COUNTY, *Hobart S. Dawson, Judge, Respondent.*[1]

[1]Reported in 100 P. (2d) 6.

*B. F. Jacobs,* for relator.

STEINERT, J.—Relator filed in this court an affidavit and application for an alternative writ of mandate directing respondent, a judge of the superior court for Whatcom county, to change the venue of a divorce action pending in that court to the superior court for Pierce county, or else to show cause why he should not do so. Upon the preliminary showing made on the application, the Chief Justice signed an alternative writ, presented by relator's counsel, directing respondent forthwith to grant relator's motion for such change of venue, or else to show cause on a day specified in the writ why he had failed in that respect. Respondent was duly served with the writ, together with a copy of the application therefor, and with copies of certain ex-

hibits attached thereto. Respondent, however, has made no appearance nor filed any return in this proceeding. Relator's application was heard *ex parte* on the day set, which was a regular motion day in this court, and thereafter the cause was assigned for examination of the record and for opinion.

The facts, as disclosed by the record before us, are as follows: On December 8, 1939, relator's wife, June Beffa, hereinafter designated as plaintiff, instituted in Whatcom county an action for divorce from relator on the ground of cruelty. Relator appeared, as defendant, in that action and moved for a change of venue to Pierce county, on the ground of convenience of witnesses. The motion was heard by respondent judge of the superior court on January 9, 1940, on the affidavit of relator and the resisting affidavit of plaintiff wife. The affidavit filed by relator is included in the record before us, but that of plaintiff is not. At the conclusion of that hearing, the matter was taken under advisement by respondent, with permission to the parties to submit, within one week, additional proofs and briefs in the cause. Within the week allowed, relator filed the affidavits of two witnesses, relator's mother and plaintiff's father, both of whom resided in Pierce county. The additional affidavits were also considered by respondent. At the same time, relator filed, in the cause, his answer specifically denying the material allegations of the complaint.

On January 17, 1940, respondent judge wrote a letter to relator's counsel, at Tacoma, and stated therein that the motion for a change of venue "will be denied." As expressed in the letter, the court's reasons for its intended ruling were, that plaintiff's answering affidavit (which is not in the record before us) named two witnesses on whose testimony plaintiff intended to rely, gave their residence as in Whatcom county, and suffi-

ciently set out their testimony; that relator's original affidavit did not give the names of the witnesses upon whom he intended to rely, nor did it state the nature of their testimony; that, taking into consideration, however, the additional affidavits filed by relator, it did not appear that the witnesses for the respective parties were unevenly balanced in number; and that, in the exercise of its discretion, the court could not say that the convenience of witnesses, or the ends of justice, would be subserved by a change of venue. However, so far as the present record discloses, no order either denying or granting relator's motion was entered by the court.

At that stage of the matter, relator instituted this proceeding for the purpose, as alleged in his application, of preventing respondent from denying his motion and setting the cause for trial in Whatcom county.

At the outset, we repeat what we have often declared, and what is the general rule, namely, that judicial discretion cannot be controlled by a writ of mandamus, and that such writ will not issue to compel the superior court to decide a matter in any particular way. *State ex rel. McDonald v. Steiner,* 44 Wash. 150, 87 Pac. 66; *In re Clerf,* 55 Wash. 465, 104 Pac. 622; *State ex rel. Murphy v. Superior Court,* 73 Wash. 507, 131 Pac. 1136; *State ex rel. Luketa v. Jurey,* 108 Wash. 44, 182 Pac. 932; *State ex rel. Spokane v. Superior Court,* 150 Wash. 13, 272 Pac. 60; 38 C. J. 606, § 84; 18 R. C. L. 295, § 229; High's Extraordinary Legal Remedies (3d ed.), §§ 149, 152; 2 Spelling, Injunction and Other Extraordinary Remedies (2d ed.), § 1394.

An exception to that rule, or rather, a limitation upon it, recognized by many courts, is that the writ will lie to prevent an abuse of discretion, or to correct arbitrary action which does not amount to the exercise of discretion. 38 C. J. 608, § 85.

Both the rule and its exception have been recognized by this court in cases involving applications for change of venue to meet the convenience of witnesses.

Illustrating the general rule is the case of *State ex rel. Shook v. Superior Court*, 141 Wash. 651, 252 Pac. 103, an *En Banc* decision. In that case, it appears that an action to recover damages for personal injuries was commenced in the county of defendant's residence. Plaintiff filed, in the superior court wherein the action was pending, a motion to transfer the trial of the cause to the county where the accident had occurred. The motion was based on the grounds of convenience of witnesses and promotion of the ends of justice. The matter was presented to the superior court on the affidavits filed by the respective parties. There being a conflict in the proofs, the court denied the motion. Plaintiff thereupon filed in this court an application for a writ of mandate to compel the superior court to grant the change of venue. In denying the application, we said:

"We have uniformly held in cases of this kind, that is, applications for a change of venue on the grounds that the convenience of witnesses and forwarding of justice required it, that the matter of such change is addressed to the discretion of the trial judge to whom the application is presented, and that we will not review, prior to an appeal in regular course, the judgment and discretion exercised by him, by a writ of mandate, where the hearing before him was had upon conflicting affidavits, as was the fact in this case. The theory of that ruling, as it is expressed in our cases, is to the effect that if, in passing upon such an application, the court err in the exercise of its discretion, it does no more than commit error in judgment denying no inherent right or justice to any of the parties in the case, and that we will not control or review that discretion by peremptory writs in advance of appeals where the question may be finally litigated. [Citing cases.]"

We are in accord with what was held in that case.

Illustrative of the exception to the rule are *State ex rel. Ross v. Superior Court,* 132 Wash. 102, 231 Pac. 453; *State ex rel. Merritt v. Superior Court,* 147 Wash. 690, 267 Pac. 503; *State ex rel. Schmidt v. Nevins,* 180 Wash. 356, 39 P. (2d) 990. Those cases all hold that, while an application for change of venue on the ground of convenience of witnesses is addressed to the sound discretion of the court, nevertheless, if the discretion be exercised in an arbitrary or capricious manner, it amounts to an abuse of discretion, such as will justify this court in reviewing the matter upon application for a writ of mandate.

■ Referring again to the *Merritt* case, *supra,* it may be noted that the application for writ of mandate was entertained even though no formal order denying the motion for change of venue had been entered in the superior court. It does not appear from the record in that case that any question was raised upon that score, and, possibly for that reason, the particular point was not considered. That case may have led the relator herein to proceed in like manner, for, as stated above, no formal order denying the motion for change of venue has yet been entered.

Lest that method of procedure should congeal into settled practice, we now say that, until the superior court has entered a formal order disposing of the motion for change of venue, an application for writ of mandate from this court is premature.

However, since that method was apparently indulged by this court in the *Merritt* case, and in order that relator here may not be penalized for his reliance thereon, we have, in this instance, considered relator's application as though it were regularly before us.

■ The question to be decided, then, is whether, in denying relator's motion for change of venue, the superior court abused its discretion.

The phrase "abuse of discretion" is of itself difficult, if not impossible, to define with precision. The courts have given it various definitions, as will be found by reference to the five series of Words & Phrases. As stated in *State ex rel. Schmidt v. Nevins,* 180 Wash. 356, 39 P. (2d) 990,

"Where discretion, soundly exercised, leaves off and arbitrary or capricious conduct begins, is difficult to say. Essentially, it must be determined from the record made in each case."

However, it can safely be said that abuse of judicial discretion is not shown unless the discretion has been exercised upon grounds, or to an extent, clearly untenable or manifestly unreasonable.

The record with which we have been supplied in this case discloses that each of the parties in the original action was relying upon the testimony of two witnesses, those of plaintiff residing in Whatcom county, and those of relator residing in Pierce county. In numbers, therefore, the witnesses were evenly balanced.

While the relator herein insists, in his affidavits, that plaintiff's witnesses know nothing about the material facts in the case, that necessarily must be taken merely as his conclusion.

The affidavit filed by plaintiff in the superior court, showing what the testimony of her witnesses would be, is omitted from the record which relator brought to this court. It does appear, however, from the letter of respondent judge, referred to above, that the omitted affidavit of plaintiff *sufficiently* set out the testimony of her witnesses. From the statements contained in the letter and the proposed ruling suggested therein, it must be presumed that there was such conflict in the affidavits as called for the exercise of discretion on the part of the trial court in ruling on the motion, and that it exercised its discretion reasonably and fairly. In

any event, we are wholly unable to say, from the record before us, that the court abused its discretion.

The application for peremptory writ of mandate is denied.

BLAKE, C. J., BEALS, GERAGHTY, and JEFFERS, JJ., concur.

